IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BASF AGRO B.V., ARNHEM (NL), WÄDENSWIL BRANCH; and BAYER S.A.S.,<br><br>Plaintiffs,<br><br>v.<br><br>CHEMINOVA, INC.,<br><br>Defendant. | Civil Action No. 10-274<br><br>JURY TRIAL DEMANDED<br><br>FILED UNDER SEAL |

**MEMORANDUM IN SUPPORT OF NON-PARTY MERIAL LIMITED'S
UNOPPOSED MOTION TO INTERVENE AND TO FILE COMPLAINT**

Pursuant to Federal Rules of Civil Procedure Rules 24(a)(2) and 24(b)(1)(B), Merial Limited ("Merial") seeks to intervene in this litigation as a Plaintiff. Merial has conferred with counsel for both BASF Agro B.V., Arnhem (NL), Wädenswil Branch and Bayer S.A.S. (collectively, "BASF") and Cheminova, Inc. ("Cheminova"). None of the Parties oppose the Merial's joinder and the filing of an amended complaint to effectuate that joinder.

The inclusion of Merial as a Plaintiff in this suit is necessary because Merial has recently discovered Cheminova's attempt to enter the animal health market for Fipronil-based products. Merial, a world-leading animal health company, is the exclusive licensee of BASF's Fipronil-related patents in the field of animal health. As such, Merial has a substantial interest in preventing Cheminova's manufacture and sale of products that infringe the Fipronil-related patents-in-suit in the animal health field. Once Merial

confirmed Cheminova's suspected venture in the animal health field as a result of learning of a breach of contract suit filed by several third-party animal health companies against Cheminova, Merial quickly set about to join this litigation. Because BASF does not offer a Fipronil-related product in the animal health field, Merial's interests are not adequately represented in this matter, and the disposal of this matter without Merial's participation will impair and impede Merial's ability to protect its interest, i.e., the exclusion of others' Fipronil-related products from the animal health field.

Further, Merial's addition to the suit will not unduly delay or prejudice the adjudication of the rights of BASF or Cheminova. The factual and legal claims asserted by both BASF and Merial against Cheminova substantially overlap, since Merial and BASF will seek similar relief based on Cheminova's infringement of the same patents, albeit in different fields of use. Should Merial be permitted to join this suit, the only substantive amendment to the pleadings will be the addition of Merial as a plaintiff with respect to Cheminova's infringement of two of the patents already in suit. A clean copy of the proposed Amended Complaint and a redlined copy showing the revisions to the original complaint are respectively attached as Exhibits 1 and 2 to the Declaration of Jitendra Malik, Ph.D., submitted herewith. Therefore, for these reasons, and as set forth below, Merial requests that it be permitted to join BASF as a plaintiff in the instant action.

## FACTUAL BACKGROUND

Merial is one of the world's leading animal health companies; developing, producing, and selling animal health products for livestock, pets and wildlife throughout

the world (*see* Ex. 3 (Merial Website Printouts) at 1-4). Among Merial's most-successful products are its FRONTLINE® brand products, such as its FRONTLINE TOP SPOT® and FRONTLINE PLUS® products (*see id.* at 1, 4). Merial's FRONTLINE® brand products are the number one veterinarian recommended flea and tick treatment products for dogs and cats in the world (*see id.* at 4). Fipronil is the active ingredient in Merial's FRONTLINE® brand products (*see id.* at 5).

In the United States, there are currently two primary commercial applications for Fipronil-based products. One relates to termite and ant control, and other agricultural uses, and includes BASF's TERMIDOR® brand products (*see* Ex. 4 (BASF Website Printouts); *see also* D.I. 1 at ¶¶ 21-22). The other, as noted above, relates to the treatment and prevention of fleas and ticks in the animal health field and is embodied by Merial's FRONTLINE® brand products (*see* Ex. 3 (Merial Website Printouts) at 5-7). Merial is the exclusive licensee of BASF's Fipronil-related patents for products in the animal health field (*see* Ex. 5 (Confidential Fipronil License) at 2-3).

The complaint in this litigation was filed on April 8, 2010 and alleges that Cheminova infringes four BASF Fipronil-related patents (D.I. 1). Two of those patents, U.S. Patent Nos. 6,620,943 and 6,881,848, (the "Fipronil Process Patents"), relate to a process for preparing 4-trifluoromethylsulfinylpyrazole derivatives, such as Fipronil (*see* D.I. 1, Exs. C-D). After BASF filed a motion for a preliminary injunction and supporting documents the following week (D.I. 8-9), BASF and Cheminova stipulated to an injunction on May 21, 2010, which Cheminova agreed that it would, *inter alia,* not make,

use, sell, or offer to sell in the United States any Fipronil or Fipronil-containing products (D.I. 21 at 1).

It has become apparent to Merial that Cheminova has also taken significant, concrete steps and has made meaningful preparations, either alone or in concert with third-parties, to sell, use, and offer for sale Fipronil technical material and/or Fipronil-based products in the animal health field in the United States. For example, Cheminova has submitted a petition to the EPA seeking to register a product containing Fipronil as the active ingredient, and as part of that petition offered to pay Merial for reliance on data that Merial earlier submitted to the EPA in connection with Merial's own Fipronil-based animal health products (*see* Ex. 6 (EPA letter) at 1).

On August 30, 2010, Cheminova's involvement in Fipronil-containing animal health products was confirmed when Velcera, Inc., FidoPharm, Inc., and Omnipharm, Ltd. sued Cheminova in the Court of Chancery of the State of Delaware for Cheminova's breach of a Fipronil supply agreement (Ex. 7 (Velcera Complaint)). Like Merial, Velcera, Inc., FidoPharm, Inc., and Omnipharm, Ltd. are animal health companies and, of note, Velcera Inc.'s current Chairman of the Board, John Preston, was the founding Executive Chairman of Merial from 1997 to 2000 (*see* Ex. 8 (Velcera Website printouts)). Based on the complaint filed by Velcera, Inc., FidoPharm, Inc., and Omnipharm, Ltd. against Cheminova, it is apparent that Cheminova has attempted to enter into the animal health market by contracting to supply FidoPharm, Inc. and Omnipharm, Ltd with Fipronil. Due to Mr. Preston's involvement at Merial, he is

4

undoubtedly aware of the value of Fipronil-based flea and tick products and, in particular, the huge commercial success of Merial's FRONTLINE® brand products. Accordingly, Merial seeks to join this action in order to assert the Fipronil Process Patents to remedy Cheminova's unauthorized selling, using, and/or offering for sale of Fipronil technical material and/or Fipronil-based products in the animal health field.

## ANALYSIS

**I.     Merial's Intervention in this Litigation is Appropriate.**

Merial requests to intervene in this case pursuant to Rule 24(a)(2) as a matter of right or, alternatively, permissively under Rule 24(b)(1)(B).  "[T]he exclusive licensee may in most cases intervene to protect [its] rights . . . ." *See Holliday v. Long Mfg. Co.,* 18 F.R.D. 45, 49 (E.D.N.C. 1955).

### A.     Merial Can Intervene as a Matter of Right Under Rule 24(a)(2).

Rule 24(a)(2) provides that, on timely motion, a court

> must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  "Courts have granted motions to intervene brought by exclusive licensees of a patent in litigations involving the validity or infringement of the patent." *Amgen, Inc. v. Chugai Pharm. Co.,* No. 87-cv-2617-Y, 1989 WL 87484 at *4 (D. Mass. May 5, 1989) (citing *Fisher v. The Gillette Co.,* 505 F. Supp. 184, 186 (N.D. Ill. 1981);

*Innis, Speiden & Co. v. Food Mach. Corp.,* 2 F.R.D. 261, 264 (D. Del. 1942); *Precision Shooting Equip. Inc. v. Allen,* 199 U.S.P.Q. 459 (E.D. Ill. 1978).

*First,* Merial's motion was timely brought. That Cheminova had contracted to supply Fipronil to animal-health related companies was not publicly known until August 30, 2010 (*see* Ex. 7 (Velcera Complaint)). Once Cheminova's actions became known to Merial, Merial promptly contacted counsel for BASF and Cheminova to obtain their consent and make arrangements for Merial to intervene in this litigation. Accordingly, the length of time during which Merial actually knew or reasonably should have known of Cheminova's foray into the animal health field before it filed the present motion was relatively short. Moreover, no parties will be prejudiced by the addition of Merial in this suit as discovery has only recently commenced, and the parties are continuing to negotiate an amended case management schedule. *See Univ. of Kan. Ctr. for Research, Inc. v. United States,* No. 08-2565-JAR, 2009 WL 2877645, at *3 (D. Kan. Sep. 2, 2009). Significantly, all of the existing parties to this litigation consent to Merial's intervention as a plaintiff.

*Second*, Merial has a clear interest in the subject matter of the present litigation, i.e., the right to exclude Cheminova from its manufacture and sale of infringing Fipronil-related products. As an exclusive licensee of the Fipronil Process Patents in the animal health field, Merial has a right to relief arising out of Cheminova's manufacture and sale of infringing Fipronil products. *Amgen, Inc. v. F. Hoffman-LaRoche Ltd.,* 456 F. Supp. 2d 267, 284 n. 11 (D. Mass. 2006) (an exclusive license provides the licensee a

"sufficiently close relationship to the dispute between the litigants and an interest that is "direct, not contingent."). In other words, Merial's right to relief stems from the very same series of transactions and/or occurrences that give rise to the present lawsuit, namely Cheminova's infringement of the patents-in-suit. Indeed, Merial has a strong interest in preventing infringing Fipronil-based products—such as those Cheminova intends to manufacture and sell—from infiltrating the animal health field and encroaching on the success of Merial's FRONTLINE® brand products.

*Third,* disposing of the action without Merial's participation will impair and impede Merial's ability to protect its interests. The burden to show "that impairment of [the movant's] substantial legal interest is possible if intervention is denied" is "minimal." *Univ. of Kan.,* 2009 WL 2877645, at *4. As set forth above, Merial is the exclusive licensee of Fipronil-related patents in the animal health field. The threat of economic injury to Merial is great and "undoubtedly gives [Merial] the requisite interest" that will possibly be impaired if intervention is denied. *See id.* at *4. Specifically, if Cheminova is successful in this litigation, it could (and will likely) impede Merial's exclusivity to the Fipronil-related products and impair the profitability of Merial's enormously successful FRONTLINE® brand products.

*Fourth,* BASF does not adequately represent Merial's interest in this litigation, since it does not offer a Fipronil-based animal health product. *See id.* at *3 (exclusive licensee had an interest that was not adequately represented because of differing commercial and proprietary interests); *Fisher,* 505 F. Supp. 184 at 186 (it is "highly

7

Case 1:10-cv-00274-WO -WWD   Document 46   Filed 10/13/10   Page 7 of 12

desirable that in a litigation between the patentee . . . and a major alleged infringer . . ., the exclusive licensee with a substantial economic stake in the outcome . . . should be able to have its own rights adjudicated . . . ."). Indeed, BASF's primary interest in bringing this suit concerns termiticide, an agrochemical product. On the other hand, Merial offers, and has invested a substantial amount of money to develop and market, its FRONTLINE® brand animal health products. Thus, BASF may not be motivated, and likely does not possess the evidence necessary, to demonstrate the extent to which Merial will be irreparably injured should Cheminova's infringement of the patents-in-suit in the animal health field continue.

### B. Alternatively, Merial Should be Permitted to Intervene Under Rule 24(b)(1)(B).

Even if the Court determines that intervention as a matter of right is not appropriate, "[o]n timely motion, the court may permit anyone to intervene who: (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Additionally, Rule 24(b)(3) states that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, permissive intervention pursuant to Rule 24(b)(1) is appropriate when: "(i) timely application is made by the intervenor; (ii) the intervenor's claim or defense and the main action have a question of law or fact in common; and (iii) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Farouk Sys., Inc.*

8

*v. Costco Wholesale Corp.*, No. 09-cv-3499, 2010 WL 1576690, at *3 (S.D. Tex. Apr. 20, 2010).

*First,* as set forth above, Merial timely brought the present motion to intervene.

*Second,* it is indisputable that there are substantial common questions of both law and fact as between Merial's claims and those brought by BASF since both BASF and Merial are asserting infringement of the same patents against the same party (Cheminova) for the same infringing activities, i.e., Cheminova's selling, using, and/or offering for sale of Fipronil technical material and/or Fipronil-based products.  Further, Cheminova's purported non-infringement defenses will likely remain the same regardless of whether Merial is a party to the litigation.  Moreover, Merial, like BASF, will also seek injunctive relief and damages should it be permitted to join this litigation (D.I. 1 at 13).  As such, any decision on injunctive relief will be measured under the same four *eBay* factors for both Merial's and BASF's claims. *See eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).  Likewise, any damages to be assessed for both Merial and BASF will likely be based on the same Cheminova conduct.

*Third*, intervention will not unduly delay or prejudice the adjudication of the rights of BASF or Cheminova.[1]  Discovery has only recently started in this case and BASF and Cheminova are currently negotiating an amended case management schedule.  None of the parties have asserted that the adjudication of their rights will be unduly delayed or

---

[1] Indeed, apart from the addition of Merial as a plaintiff with respect to Cheminova's infringement of two of the patents already in suit, Merial does not intend to expand the litigation by asserting any additional claims; nor does Merial have any intention of adding any new parties to the suit.

9

prejudiced by Merial's intervention. To the contrary, judicial efficiency warrants Merial's intervention. In the event this Court denies Merial's request to join this litigation, Merial will likely be forced to entertain the prospect of litigating the Fipronil Process Patents (with respect to its interest in the animal health field) in a separate action. Such a result would needlessly duplicate proceedings and cause Cheminova to needlessly expend resources defending two litigations that pertain to the same patents and the same infringing conduct.

## CONCLUSION

For the reasons set forth herein and on the authorities cited, Merial's unopposed motion to intervene and for leave to file complaint should be granted.

Respectfully submitted this 13th day of October, 2010.

/s/ Jitendra Malik
Jitendra Malik, Ph.D. (NCSB No. 32809)
Attorney for Merial Limited
ALSTON & BIRD LLP
Suite 4000
101 South Tryon Street
Charlotte, NC 28280-4000
Tel.: (704) 444-1115
Fax: (704) 444-1695
E-mail: jitty.malik@alston.com

*Counsel for Merial Limited*

Of Counsel:

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.

Duluth, GA 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350
judy.jarecki@merial.com

Frank G. Smith, III
John W. Cox, Ph.D.
Matthew W. Howell
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777
frank.smith@alston.com
john.cox@alston.com
matthew.howell@alston.com

Deepro R. Mukerjee
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016-1387
Tel.: (212) 210-9501
Fax: (212) 922-3881
deepro.mukerjee@alston.com

J. Patrick Elsevier, Ph.D.
JONES DAY
12265 El Camino Real,
Suite 200
San Diego, CA 92130
Tel.: (858) 314-1200
Fax: (858) 314-1150
jpelsevier@jonesday.com

*Counsel for Merial Limited*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed **MEMORANDUM IN SUPPORT OF NON-PARTY MERIAL LIMITED'S UNOPPOSED MOTION TO INTERVENE AND TO FILE COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants.

Dated: October 13, 2010

/s/ Jitendra Malik
Jitendra Malik, Ph.D. (NCSB No. 32809)
Attorney for Merial Limited
ALSTON & BIRD LLP
Suite 4000
101 South Tryon Street
Charlotte, NC 28280-4000
Tel.: (704) 444-1115
Fax: (704) 444-1695
E-mail: jitty.malik@alston.com

*Counsel for Merial Limited*