# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BASF AGRO B.V., ARNHEM (NL), WADENSWIL BRANCH, BAYER S.A.S., and MERIAL LIMITED,

Plaintiffs,

-against-

CHEMINOVA, INC.,

Defendant.

Civil Action No. 10-274

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Cheminova Inc. ("Cheminova"), by and through its undersigned counsel, hereby answers the Amended Complaint of BASF Agro B.V., Arnhem (NL), Wädenswil Branch ("BASF"), Bayer S.A.S. ("Bayer"), and Merial Limited ("Merial") (collectively, "Plaintiffs"), and counterclaims against Plaintiffs, as follows:

### "JURISDICTION AND VENUE"

1. Cheminova admits that Plaintiffs purport to proceed under the statutes identified in the first sentence of paragraph 1, but denies their entitlement to relief thereunder. Cheminova admits for the purposes of this action only that federal subject matter jurisdiction exists and that venue is proper in this judicial district.

### "THE PARTIES"

2. On information and belief, Cheminova admits the allegations set forth in paragraph 2.

3. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4. On information and belief, Cheminova admits the allegations set forth in paragraph 4.

5. On information and belief, Cheminova admits the allegations set forth in the first and second sentences of paragraph 5. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph 5.

6. Admitted.

7. Cheminova admits the allegations set forth in the first sentence of paragraph 7. Cheminova admits that it and/or Cheminova A/S imports into the United States certain technical material and end-use products that have been manufactured abroad.

8. Admitted.

9. Cheminova admits that it markets, distributes, and supplies agrochemical compounds and formulations, and denies the remaining allegations in paragraph 9.

## "PATENTS"

10. Cheminova admits that U.S Patent No. 6,414,010 (hereinafter, the "'010 patent") indicates that it issued on July 2, 2002, and that it is entitled "Pesticidal Pyrazoles and Derivatives," and denies the remaining allegations in paragraph 10.

11. The allegations of paragraph 11 state legal conclusions to which no response is required; to the extent a response is required, Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and on that basis denies them.

12. Cheminova admits that U.S Patent No. 6,835,743 (hereinafter, the "'743 patent") indicates that it issued on December 28, 2004, and that it is entitled "Pesticidal Pyrazoles and Derivatives," and denies the remaining allegations in paragraph 12.

13. The allegations of paragraph 13 state legal conclusions to which no response is required; to the extent a response is required, Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, and on that basis denies them.

14. Cheminova admits that U.S Patent No. 6,620,943 (hereinafter, the "'943 patent") indicates that it issued on September 16, 2003, and that it is entitled "Process for preparing 4-trifluoromethylsulfinylpyrazole derivative," and denies the remaining allegations in paragraph 14.

15. The allegations of paragraph 15 state legal conclusions to which no response is required; to the extent a response is required, Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15, and on that basis denies them.

16. Cheminova admits that U.S Patent No. 6,881,848 (hereinafter, the "'848 patent") indicates that it issued on April 19, 2005, and that it is entitled "Process for

preparing 4-trifluoromethylsulfinylpyrazole derivative," and denies the remaining allegations in paragraph 16.

17. The allegations of paragraph 17 state legal conclusions to which no response is required; to the extent a response is required, Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17, and on that basis denies them.

18. The allegations of paragraph 18 state legal conclusions to which no response is required; to the extent a response is required, Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18, and on that basis denies them.

## "BACKGROUND"

19. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22. On information and belief, Cheminova admits the allegations set forth in the first sentence of paragraph 22. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22.

23. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24, and on that basis denies them.

25. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26. On information and belief, Cheminova admits the allegations set forth in paragraph 26.

27. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

## "CHEMINOVA'S PREPARATIONS TO INFRINGE"

29. Cheminova admits that it intended to sell and offer for sale non-infringing fipronil products in the United States beginning no earlier than August 4, 2010, and denies the remaining allegations set forth in paragraph 29.

30. Cheminova admits that U.S. Patent No. 5,232,940 (hereinafter, the "'940 patent") covers, *inter alia*, the chemical compound known as fipronil, and that the '940 patent expired on August 3, 2010. Cheminova states that the allegations in the third and fourth sentences of paragraph 30 state legal conclusions to which no response required; to

5

the extent a response is required, Cheminova denies the allegations of these sentences. Cheminova denies the remaining allegations set forth in paragraph 30.

31. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 31. Cheminova denies the allegations set forth in the second sentence of paragraph 31.

32. Cheminova denies the allegations set forth in paragraph 32.

33. Admitted.

34. Cheminova admits that a telephone conversation occurred between Mr. Petersen, Cheminova's President and President of the ANZAC region, and Mr. McDougall on or about March 17, 2010, and that during this conversation Mr. Petersen expressed to Mr. McDougall Cheminova's view that certain application patents could be invalidated. Cheminova denies the remaining allegations set forth in paragraph 34.

35. Cheminova admits that Mr. Nordlyng, Cheminova A/S's patent manager, communicated with Ms. Matthews via voicemail and e-mail in late-March 2010, states that those communications speak for themselves, and denies the allegations set forth in paragraph 35 to the extent inconsistent therewith.

36. Cheminova admits that Ms. Matthews communicated with Mr. Nordlyng via e-mail in late-March 2010, states that those communications speak for themselves, and denies the allegations set forth in paragraph 36 to the extent inconsistent therewith.

37. Cheminova admits that it intended to sell and offer for sale non-infringing fipronil products in the United States beginning no earlier than August 4, 2010, and denies the remaining allegations set forth in paragraph 37.

38. Cheminova admits that it entered into a Supply Agreement with FidoPharm, Inc. and Omnipharm, Ltd., on or about December 16, 2009, and admits that Cheminova is a defendant in an action now pending in Delaware Chancery Court alleging breach of that Supply Agreement; Cheminova states that the legal proceedings in the Delaware Chancery Court action, and the terms of the Supply Agreement, speak for themselves, and denied the allegations set forth in paragraph 38 to the extent inconsistent therewith. Cheminova denies the remaining allegations set forth in paragraph 38.

39. Admitted.

40. Cheminova denies the allegations set forth in paragraph 40.

41. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41.

42. Cheminova is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42.

43. Cheminova denies the allegations set forth in paragraph 43.

44. Cheminova denies the allegations set forth in paragraph 44.

45. Cheminova denies the allegations set forth in paragraph 45.

46. Cheminova denies the allegations set forth in paragraph 46.

## "COUNT I"
## "(Declaratory Judgment of Infringement of the '010 Patent and Injunctive Relief)"

47. Cheminova fully incorporates by reference its responses to the allegations of paragraphs 1 through 46.

48. Cheminova denies the allegations set forth in paragraph 48.

49. Cheminova denies the allegations set forth in paragraph 49.

50. Cheminova denies the allegations set forth in paragraph 50.

51. Cheminova denies the allegations set forth in paragraph 51.

## "COUNT II"
## "(Declaratory Judgment of Infringement of the '743 Patent and Injunctive Relief)"

52. Cheminova fully incorporates by reference its responses to the allegations of paragraphs 1 through 51.

53. Cheminova denies the allegations set forth in paragraph 53.

54. Cheminova denies the allegations set forth in paragraph 54.

55. Cheminova denies the allegations set forth in paragraph 55.

56. Cheminova denies the allegations set forth in paragraph 56.

## "COUNT III"
## "(Declaratory Judgment of Infringement of the '943 Patent and Injunctive Relief)"

57. Cheminova fully incorporates by reference its responses to the allegations of paragraphs 1 through 56.

58. Cheminova denies the allegations set forth in paragraph 58.

59. Cheminova denies the allegations set forth in paragraph 59.

60. Cheminova denies the allegations set forth in paragraph 60.

61. Cheminova denies the allegations set forth in paragraph 61.

## "COUNT IV"
## "(Declaratory Judgment of Infringement of the '848 Patent and Injunctive Relief)"

62. Cheminova fully incorporates by reference its responses to the allegations of paragraphs 1 through 61.

63. Cheminova denies the allegations set forth in paragraph 63.

64. Cheminova denies the allegations set forth in paragraph 64.

65. Cheminova denies the allegations set forth in paragraph 65.

66. Cheminova denies the allegations set forth in paragraph 66.

## "PRAYER FOR RELIEF"

Cheminova denies that Plaintiffs are entitled to the relief they pray for, or any relief at all, for the allegations contained in the Amended Complaint.

## AFFIRMATIVE DEFENSES

67. Plaintiffs have failed to state a claim upon which relief may be granted.

68. Cheminova is not infringing and has never infringed, either directly, by inducement, or contributorily, any claim of the '010, '743, '943, or '848 patents, either literally or under the doctrine of equivalents.

69. Each of the claims of the '010 and '743 patents is invalid due to a failure to comply with the requirements of patentability as set forth in Title 35 U.S.C. *et seq.*, including but not limited to §§ 101, 102, 103, and 112.

# CHEMINOVA'S COUNTERCLAIMS

The counter-plaintiff, Cheminova Inc. ("Cheminova"), asserts the following counterclaims against the counter-defendants BASF Agro B.V., Arnhem (NL), Wädenswil Branch ("BASF"), Bayer S.A.S. ("Bayer"), and Merial Limited ("Merial") (collectively, "counter-defendants"):

## PARTIES

1. The counter-plaintiff Cheminova is a Delaware corporation with its principal place of business in North Carolina. Cheminova is a wholly-owned subsidiary of Cheminova A/S, a corporation based in and organized under the laws of Denmark.

2. On information and belief, BASF is a limited liability company organized under the laws of The Netherlands. On information and belief, BASF markets and sells agrochemical compounds and formulations in the United States through its United States agent and distributor BASF Corporation, which is a Delaware corporation with its principal place of business in New Jersey and significant operations in North Carolina.

3. On information and belief, Bayer is a French corporation with its principal place of business in France.

4. On information and belief, Merial is a English corporation, domesticated in the State of Delaware as Merial LLC.

## JURISDICTION AND VENUE

5. Cheminova counterclaims for a declaratory judgment that the '010, '743, '943, and '848 patents are not infringed by any acts of Cheminova, and that the '010 and

'743 patents are invalid. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. § 101 *et seq.*

6. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

7. Based on the foregoing allegations, and by virtue of Plaintiffs' commencement of the present action, a justiciable controversy exists, and this Court has personal jurisdiction over BASF, Bayer, and Merial.

8. Venue is proper in this Court for these counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400, and by virtue of Plaintiffs' commencement of the present action in this Court.

## COUNT I
**(Declaratory Judgment of Noninfringement of the '010, '743, '943, and '848 Patents)**

9. Cheminova repeats the allegations set forth in paragraphs 1 through 7 as if fully set forth herein.

10. A substantial and continuing justiciable controversy exists between Cheminova and the counter-defendants as to infringement of the '010, '743, '943, and '848 patents.

11. Fipronil technical is manufactured for Cheminova A/S by an independent third-party manufacturer.

12. Cheminova's process for the production and manufacture of fipronil does not violate any of the claims of the '943 and '848 patents. Accordingly, Cheminova is not

infringing and has not infringed, either directly, by inducement, or contributorily, the '943 and '848 patents, either literally or under the doctrine of equivalents.

13. Cheminova is not infringing and has not infringed, either directly, by inducement, or contributorily, the '010 or '743 patents, either literally or under the doctrine of equivalents.

14. Cheminova seeks a declaration from this Court that it has not infringed and does not infringe any claims of the '010, '743, '943, and '848 patents.

## COUNT II
### (Declaratory Judgment of Invalidity of the '010 and '743 Patents)

15. Cheminova repeats the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

16. A substantial and continuing justiciable controversy exists between Cheminova on the one hand, and BASF and Bayer on the other, as to the validity of the '010 and '743 patents.

17. Each of the claims of the '010 and '743 patents is invalid due to failure to comply with the requirements of patentability as set forth in Title 35 U.S.C. *et seq.*, including but not limited to §§ 101, 102, 103, and 112.

18. Cheminova seeks a declaration from the Court that each of the claims of the '010 and '743 patents is invalid.

WHEREFORE, Cheminova prays for judgment and relief as follows:

A. That the Amended Complaint of BASF, Bayer, and Merial be dismissed with prejudice, and that BASF, Bayer, and Merial take nothing by way of their Amended Complaint;

B. That this Court enter an Order declaring that Cheminova does not infringe and has not infringed any claim of the '010, '743, '943, and '848 patents;

C. That this Court enter an Order declaring that each and every claim of the '010 and '743 patents is invalid;

D. That this Court declare this to be an exceptional case within the meaning of 35 U.S.C. § 285;

E. That this Court award Cheminova its costs in this action, together with reasonable attorneys' fees and pre-judgment interest;

F. That this Court award Cheminova its damages, and those of Cheminova A/S, resulting from this lawsuit and from any and all delays in Cheminova's intended entry into the United States market for fipronil and/or fipronil-containing products resulting therefrom (including but not limited to lost profits, lost market share, and costs of delayed launch), whether recoverable pursuant to Fed. R. Civ. P. 65(c) or otherwise; and

G. That this Court grant Cheminova such other and further relief as it deems just and proper.

# JURY DEMAND

Cheminova demands a trial by jury on all issues so triable.

Respectfully submitted this 29th day of October, 2010.

/s/Alan M. Ruley
WILLIAM K. DAVIS
N.C. State Bar No. 1117
ALAN M. RULEY
N.C. State Bar No. 16407
BELL, DAVIS & PITT, P.A.
100 N. Cherry Street, Suite 600
Post Office Box 21029
Winston-Salem, NC 27120-1029
wdavis@belldavispitt.com
aruley@belldavispitt.com
Phone No. (336) 722-3700
Fax No. (336) 722-8153
*Attorneys for Defendant and Counter-Plaintiff Cheminova, Inc.*

Of Counsel:
Christopher G. Kelly
Steven L. D'Alessandro
Robert J. Burns
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
christopher.kelly@hklaw.com
steven.dalessandro@hklaw.com
robert.burns@hklaw.com
Phone No. (212) 513-3200
Fax No. (212) 385-9010

Joshua C. Krumholz
HOLLAND & KNIGHT LLP
10 St. James Ave.
Boston, MA 02116
joshua.krumholz@hklaw.com
Phone No. (617) 523-2700
Fax No. (617) 523-6850

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| Catherine Nyarady | cnyarady@paulweiss.com |
| Craig Benson | cbenson@paulweiss.com |
| Jayson L. Cohen | jlcohen@paulweiss.com |
| John E. Nathan | jnathan@paulweiss.com |
| Kenneth A. Gallo | kgallo@paulweiss.com |
| Kent E. Kemeny | kkemeny@paulweiss.com |
| Kripa Raman | kraman@paulweiss.com |
| Pressly McCauley Millen | pmillen@wcsr.com |
| Robert J. Koch | rkoch@milbank.com |
| Jitendra Malik | jmalik@alstonbird.com |

/s/ Alan M. Ruley
ALAN M. RULEY
N.C. State Bar No. 16407