IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BASF AGRO B.V., ARNHEM (NL), WÄDENSWIL BRANCH, BAYER S.A.S., and MERIAL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>CHEMINOVA, INC.<br><br>Defendant. | Civ. Action No. 10-CV-274 (WO)(WWD)<br><br>**EMERGENCY MOTION FOR SCHEDULING CONFERENCE** |

Defendant Cheminova, Inc. (hereinafter "Cheminova") hereby moves the Court for the setting of an expedited scheduling conference in this case on a date and time as soon as is practicable and convenient for the Court. In support of this Motion, Cheminova states as follows:

1. This lawsuit involves four patents: U.S. Patent Nos. 6,620,943 (the "'943 Patent") and 6,881,848 (the "'848 Patent") (collectively, the "Manufacturing Patents"), which cover a particular method for manufacturing the molecule known as fipronil; and U.S. Patent Nos. 6,414,010 (the "'010 Patent") and 6,835,743 (the "'743 Patent") (collectively, the "Application Patents"), which cover a particular method for applying fipronil-based products as an insecticide to protect buildings.

2. This case has been set for trial during the trial calendar commencing on July 5, 2011. Fact discovery in this case will soon be substantially complete. Depositions of fact witnesses are currently scheduled through March 4, 2011, and

Cheminova expects that fact depositions will be substantially complete as of that date or soon thereafter. The parties have repeatedly discussed proposed schedules for follow-on case management milestones of expert discovery and dispositive motions in advance of the July 5, 2011 trial-ready date, but for the reasons explained below, have been unable to come to agreement.

3. On December 13, 2010, the parties served and filed their opening claim construction briefs regarding the Manufacturing and Application Patents at issue (Docket Nos. 66-73). The parties' reply briefs on claim construction issues were served and filed on January 12, 2011 (Docket Nos. 77-85).

4. Both Cheminova and plaintiffs submitted expert declarations in connection with their claim construction briefing. Discussions among the parties' counsel subsequent to the filing of the claim construction reply briefs indicates that, in advance of a claim construction hearing, all parties desire the opportunity to conduct expert depositions on the claim construction issues addressed in the expert declarations, followed by submission of supplemental claim construction briefs.

5. However, the parties have been unable to agree upon a schedule for these claim construction expert depositions that is workable in light of the needs of the parties and the Court to ready this case for trial by July 5.

6. To ensure that claim construction can be readied for hearing and decision by the Court as quickly as possible in light of the July 5 trial setting, Cheminova has offered to make its expert declarants available for expedited deposition on issues addressed in their claim construction declarations, provided that Plaintiffs would also

agree to produce their expert declarants for expedited deposition on this basis. Plaintiffs have rejected Cheminova's proposal.

7. Instead, Plaintiffs have proposed a schedule whereby full-scale expert discovery (exchange of burden expert reports, exchange of rebuttal expert reports, and expert depositions) would not be completed until May 13, 2011. Plaintiffs have also insisted that they will produce their experts for deposition once, and only once. In other words, Plaintiffs' position is that if Cheminova desires to depose Plaintiffs' claim construction expert declarants in advance of this full-scale expert discovery process, it will be placed in the untenable position of foregoing the right to a full-scale deposition of these experts after the exchange of burden and rebuttal reports.

8. Under Plaintiffs' scheduling proposal and their position with respect to expert depositions, claim construction would, in effect, not be ready for hearing by the Court until late-May. In light of the July 5 trial setting and the Court's timing to consider and decide the claim construction issues, Plaintiffs' proposal is wholly unworkable. The Court's decisions on claim construction will invariably affect the parties' trial preparations, and may well be dispositive of some or all of the contested issues in this case. In short, the Court needs time to decide the claim construction issues in advance of the July 5 trial setting, and the parties need time following the Court's claim construction determinations to tailor their trial and dispositive motion strategies.

9. Cheminova submits that, in light of the July 5 trial setting and deadlines in advance thereof -- including dispositive motions, court-ordered mediation, and pre-trial motions and submissions -- claim construction should be heard by and submitted to the

Court no later than mid-April. Toward that end, Cheminova respectfully tenders two alternative scheduling proposals that would achieve these ends:

      a.     Expedited depositions of the claim construction expert declarants, limited to issues addressed in the claim construction declarations, to occur within the next several weeks, followed by submission of supplemental claim construction briefs and a claim construction hearing in early-April. Full-scale expert discovery on non-claim construction issues would proceed thereafter; or

      b.     Expedited full-scale expert discovery, whereby burden expert reports would be exchanged in mid-March, rebuttal expert reports would be exchanged in late-March, expert depositions would occur in early-April, and supplemental claim construction briefing would also be submitted to the Court sometime in early-April, in advance of a claim construction hearing shortly thereafter.

10. Further complicating claim construction and pre-trial scheduling is the presence of a separate lawsuit pending in this Court, commenced by two of the three plaintiffs present in the instant case, BASF Agro B.V., Arnhem (NL), Wadenswil Branch and Bayer S.A.S., against defendants Makhteshim Agan of North America, Inc. and Control Solutions, Inc., Civil Action No. 10-CV-276 (WO)(WWD) (the "*Makhteshim* Case"). While the Manufacturing Patents at issue in the instant case and in the *Makhteshim* Case differ, the Application Patents at issue in the instant case and in the *Makhteshim* Case are the same. The *Makhteshim* Case, like this case, has been set for trial during the Court's July 5 trial term.

4

11. On information and belief, the parties in the *Makhteshim* Case did not submit expert declarations in connection with their briefing of their claim construction positions on the overlapping Application Patents. However, on information and belief, the parties' respective claim construction positions on the Application Patents at issue in the *Makhteshim* Case and in the instant case are substantively similar.

12. Cheminova submits that a coordinated hearing on the claim construction issues related to the identical Application Patents at issue in this case and in the *Makhteshim* case would avoid any possibility of inconsistent constructions of the Application Patents in these two cases, and would maximize efficiency for the Court and the parties to each case.

13. Accordingly, Cheminova respectfully asks this Court to set an expedited scheduling conference in this case on a date and time as soon as is practicable and convenient for the Court, for the purposes of setting a claim construction and expert discovery schedule in this case that serves the needs of the Court and of the parties in anticipation of the fast-approaching July 5 trial calendar.

WHEREFORE, Defendant Cheminova Inc. moves this Court to set an expedited scheduling conference in this case on a date and time as soon as is practicable and convenient for the Court.

Respectfully submitted this 18th day of February, 2011.

                                      Respectfully submitted,

By:   /s/Alan M. Ruley_____
       William K. Davis
       Alan M. Ruley
       BELL, DAVIS & PITT, P.A.
       100 N. Cherry Street, Suite 600
       Winston-Salem, NC 27101
       wdavis@belldavispitt.com
       aruley@belldavispitt.com
       Phone No. (336) 722-3700
       Fax No. (336) 722-8153

       /s/ Christopher G. Kelly_____
       Christopher G. Kelly
       Steven L. D'Alessandro
       Robert J. Burns
       HOLLAND & KNIGHT LLP
       31 West 52nd Street
       New York, NY 10019
       christopher.kelly@hklaw.com
       steven.dalessandro@hklaw.com
       robert.burns@hklaw.com
       Phone No. (212) 513-3200
       Fax No. (212) 385-9010

       Joshua C. Krumholz
       HOLLAND & KNIGHT LLP
       10 St. James Ave.
       Boston, MA 02116
       joshua.krumkolz@hklaw.com
       Phone No. (617) 523-2700
       Fax No. (617) 523-6850

       *Attorneys for Defendant and Counter-Plaintiff Cheminova, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| Catherine Nyarady | cnyarady@paulweiss.com |
| Craig Benson | cbenson@paulweiss.com |
| Jayson L. Cohen | jlcohen@paulweiss.com |
| John E. Nathan | jnathan@paulweiss.com |
| Kenneth A. Gallo | kgallo@paulweiss.com |
| Kent E. Kemeny | kkemeny@paulweiss.com |
| Kripa Raman | kraman@paulweiss.com |
| Pressly McCauley Millen | pmillen@wcsr.com |
| Robert J. Koch | rkoch@milbank.com |
| Jitendra Malik | jmalik@alstonbird.com |
| Frank G. Smith | Frank.smith@alston.com |
| Judy C. Jarecki-Black | judy.jarecki@merial.com |
| John Patrick Elsevier | jpelsevier@jonesday.com |
| Matthew W. Howell | Matthew.howell@alston.com |

/s/Alan M. Ruley
ALAN M. RULEY
N.C. State Bar No. 16407