IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BASF AGRO B.V., ARNHEM (NL),
WÄDENSWIL BRANCH,
BAYER S.A.S., and MERIAL LIMITED,

          Plaintiffs,

v.

CHEMINOVA, INC.,

          Defendant.

C.A. No. 10-cv-274-WO-WWD

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
EMERGENCY MOTION FOR SCHEDULING CONFERENCE**

      Plaintiffs respectfully submit this response in opposition to Defendant Cheminova, Inc.'s ("Cheminova") February 18, 2011 Emergency Motion For Scheduling Conference (the "Motion"). Because Cheminova's Motion is neither an emergency nor necessary it should be denied. Instead, Plaintiffs respectfully request that the Court enter an Amended Scheduling Order in the form attached.

    **A.**    **Factual Background**

      **Agreed-upon staged discovery.** Since the beginning of this case, Cheminova resisted a case schedule like the one in the parallel case *BASF et al. v. MANA et al.*, C.A. No. 10-cv-276-WO-WWD (M.D.N.C.) (the "Makhteshim case"), which allowed for a preliminary injunction hearing, and instead sought a case schedule with an early trial date. Plaintiffs agreed, but in exchange insisted on a staged sequence of separate fact and expert discovery that would allow for sufficient time after substantial completion of fact discovery

to complete expert reports and expert discovery. Cheminova agreed to this staged approach to discovery. (*See* October 22, 2010 Joint Motion to Amend Scheduling Order, D.I. 56, attached hereto as Exhibit A, showing the parties contemplated at least a month between substantial completion of fact discovery and opening expert reports). The parties have proceeded under this agreed-upon discovery structure. Even with the parties' past agreements to extend discovery, the staged approach to fact and expert discovery remained intact.

**Cheminova inserted experts into *Markman*.** Under the parties' case schedule, no *Markman* (claim construction) hearing date was set. (*Id.*) Prior to claim construction briefing, Plaintiffs agreed to leave open the possibility for coordinating the *Markman* hearing in this case with that in the Makhteshim case. However, coordination of a *Markman* hearing with the Makhteshim case became impractical as a result of Cheminova's unilateral and deliberate decision, unlike either Plaintiffs or the Makhteshim case Defendants, to rely on expert declarations in its opening *Markman* brief. Expert evidence is not necessary, and in fact is disfavored, in *Markman* proceedings. *Phillips* v. *AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (*en banc*)("extrinsic evidence consisting of expert reports and testimony is generated at the time of and for the purpose of litigation and thus can suffer from bias that is not present in intrinsic evidence.").

Plaintiffs did not include expert declarations in their opening claim construction brief and only submitted expert declarations in response to those of Cheminova. Cheminova went even further, relying on additional expert declarations in its responsive

2

briefs. Neither Plaintiffs nor the Makhteshim case Defendants relied on expert declarations in any of the *Markman* briefs in the Makhteshim case.

**Cheminova's delay.** After the completion of *Markman* briefing, and over six weeks ago, Cheminova proposed to submit a motion for scheduling of a *Markman* hearing jointly with that in the Makhteshim case. (1/4/2011 email from Burns to Raman and attached draft Motion For Scheduling of Claim Construction Hearing, attached hereto as Exhibit B). Cheminova indicated in its draft motion that the Makhteshim case Defendants assented to that motion and would be filing a similar motion in the Makhteshim case. (Exhibit B, 1/4/2011 draft Motion For Scheduling of Claim Construction Hearing at ¶¶ 8-9).

On January 10, 2011, Plaintiffs explicitly advised Cheminova that they could not agree to their draft Motion For Scheduling of Claim Construction Hearing. (Raman 1/10/2011 email to Burns, attached hereto as Exhibit C). Plaintiffs informed Cheminova that, in light of Cheminova's expert declarations, Plaintiffs could not agree that 1) a *Markman* hearing could be conducted until after Cheminova's experts were deposed, and 2) this case and the Makhteshim case were any longer similarly situated with respect to being ready for *Markman* argument. Shortly thereafter, on January 13, 2011 Plaintiffs confirmed their position to Cheminova during a teleconference, and made clear that they would not agree to a *Markman* hearing until after expert depositions were conducted and that such depositions should occur only once -- after the completion of expert reports in May 2011.

For three weeks thereafter Cheminova was completely silent regarding this issue. Finally, on January 31, 2011 Cheminova requested a call to discuss the issue. (1/31/2011 Burns email to Raman, attached hereto as Exhibit D). The next day, on

3

February 1, 2011 Plaintiffs confirmed their prior position that they would not consent to conducting a *Markman* hearing until after expert depositions in May 2011. But, Plaintiffs offered a compromise: they would join in seeking an earlier *Markman* hearing date if Cheminova agreed that the parties would mutually not rely on any of the expert declarations, making expert depositions unnecessary before the *Markman* hearing. Cheminova refused this compromise and stated that it would file the next day an emergency motion seeking a teleconference with the Court on this issue.

Plaintiffs watched and waited, yet no such filing occurred. Instead, the parties continued to conduct fact depositions consistent with their prior agreement that anticipated opening expert reports in late March and expert depositions beginning in mid-May. In fact, Cheminova postponed, by over a month, the deposition of a key Rule 30(b)(6) witness on infringement issues, and deferred obtaining the availability of certain other of its witnesses until after this postponed deposition. (Exhibit D; 2/2/2011 email from Burns to Raman, attached hereto as Exhibit E). Another three weeks passed before Cheminova finally filed its "Emergency" Motion. (D.I. 90).[1]

### B. Argument

**No emergency.** The fact that Cheminova <u>waited six weeks</u> after learning of Plaintiffs' opposition to the scheduling of a *Markman* hearing prior to normal expert discovery before filing its Motion belies any suggestion that Cheminova requires "emergency" relief. In any case, Cheminova would suffer no harm from the *Markman*

---

[1] Unlike the draft Motion For Scheduling of Claim Construction Hearing Cheminova proposed filing in early January, Cheminova's "Emergency" Motion makes no mention of the Makhteshim case Defendants' assent to a joint *Markman* hearing.

hearing being scheduled after expert depositions in May. This would leave well over a month for the Court to decide *Markman* issues before the earliest possible date of any trial in this action. Indeed, such timing is not uncommon in patent cases in this District. *See, e.g., Akeva v. Mizuno,* C.A. No. 1:00-cv-978-WLO (M.D.N.C.) (*Markman* hearing on March 10, 2003 in a case with a trial date of April 7, 2003); *Gardendance v. Woodstock Copperwork,* C.A. No. 1:04-cv-10-WLO (M.D.N.C.) (Deadline for completion of *Markman* briefing of October 5, 2005, with no set date for *Markman* hearing, in a case with a trial date of October 17, 2005).

**Cheminova's proposals are burdensome and prejudicial.** In contrast, Plaintiffs would be severely prejudiced by the imposition of either of the alternative scheduling proposals set forth by Cheminova's "emergency" Motion. Neither of Cheminova's alternative proposals is practical or reasonable. Numerous fact depositions remain to be completed in the next few weeks (due in substantial part to Cheminova's delays and postponements of such depositions), only after which can Plaintiffs' experts draft their opening expert reports. Either of Cheminova's alternative proposals would do violence to this already congested discovery schedule, and would impose substantial work not previously scheduled. Cheminova's delay in filing its "emergency" Motion only compounds the prejudice to Plaintiffs, as it further compresses the schedule. Also, adding a second round of expert depositions and claim construction briefing would impose unwarranted additional costs on Plaintiffs. Finally, but not insignificantly, imposing either of Cheminova's proposals would violate the fundamental underlying case structure that was the

basis for Plaintiffs' agreement to join Cheminova in seeking an accelerated case schedule in this case.

The necessary timing of the *Markman* hearing is attributable solely to Cheminova's own actions. Defendant's suggestion that Plaintiffs are equally interested in a new round of expert discovery and additional briefing on claim construction (*see* "Emergency" Motion ¶ 4) is false. Plaintiffs do not "desire the opportunity to conduct expert depositions … followed by submission of supplemental claim construction briefs." Plaintiffs have made clear to Cheminova that Plaintiffs are not willing to do an additional round of expert depositions and, in fact, offered to resolve this dispute by the parties foregoing any reliance on experts or expert declarations for purposes of claim construction. Similarly, Plaintiffs have no desire to further burden the Court with supplemental briefing, which will only further delay resolution of *Markman* issues. Cheminova is alone in seeking additional depositions and briefing. Cheminova made a deliberate choice to insert experts into *Markman*, thereby mandating a later hearing date. Any issue that Cheminova purports to have is of its own making.

**Coordination with Makhteshim is not possible.** Separately, any coordination of a *Markman* hearing with the Makhteshim case would now be unworkable. As an initial matter, such coordination is not justified since Cheminova admits that the parties in the Makhteshim case did not submit expert declarations in connection with *Markman* briefing in that case. The parties are not similarly situated. As this Court is aware, Plaintiffs in the Makhteshim case have filed notice of their renewal of their motion for a preliminary injunction and believe this motion (along with at least a preliminary determination of

*Markman* issues in that case) will require resolution prior to April 2011. *BASF et al. v. MANA et al.*, C.A. No. 10-cv-276-WO-WWD (M.D.N.C.), D.I. 73. However, as Cheminova states, substantial additional work remains in this case to get ready for a *Markman* hearing. Even if this work is done in an expedited fashion under either of Cheminova's alternative proposals, a *Markman* hearing in this case could not be held until April -- after that in the Makhteshim case. Cheminova has rendered coordination of the two cases impossible.

### C.     Conclusion

For all of the above reasons, Cheminova's request for relief in its "Emergency" Motion should be denied. Alternatively, Plaintiffs submit herewith an Amended Scheduling Order, which reflects the parties' current working assumptions regarding completion of discovery, and ask that the Court enter this amended schedule.

This the 28th day of February, 2011.

          /s/ Pressly M. Millen
          Pressly M. Millen (NCSB No. 16178)
          WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
          150 Fayetteville Street, Suite 2100
          Raleigh, NC  27601
          Telephone: (919) 755-2100
          Facsimile: (919) 755-2150
          Email:  pmillen@wcsr.com

*Attorneys for Plaintiffs*
*BASF Agro B.V., Arnhem (NL), Wädenswil Branch and Bayer S.A.S.*

Of Counsel:

Kenneth A. Gallo
Craig Benson
Kent Kemeny
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON, LLP
2001 K Street NW

Washington, DC  20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email:  kgallo@paulweiss.com
        cbenson@paulweiss.com
        kkemeny@paulweiss.com

John Nathan
Catherine Nyarady
Kripa Raman
Brian Egan
Jayson L. Cohen
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON, LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email:  jnathan@paulweiss.com
        cnyarady@paulweiss.com
        kraman@paulweiss.com
        began@paulweiss.com
        jlcohen@paulweiss.com


*Of Counsel for BASF Agro B.V. , Arnhem (NL), Wädenswil Branch*

Robert J. Koch
MILBANK, TWEED, HADLEY & MCCLOY LLP
1850 K Street, N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 835-7586
Email:  rkoch@milbank.com

*Of Counsel for Bayer S.A.S.*

      **ALSTON & BIRD, LLP**

      /s Jitendra Malik
      Jitendra Malik, Ph.D. (NCSB No. 32809)
      ALSTON & BIRD, LLP
      Suite 4000
      101 South Tryon Street

Charlotte, NC 28280-4000
Tel.: (704) 444-1115
Fax.: (704) 444-1695
jitty.malik@alston.com
*Attorney for Plaintiff*
*Merial Limited*

Of Counsel:

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350
judy.jarecki@merial.com

Frank G. Smith, III
John W. Cox, Ph.D.
Matthew W. Howell
ALSTON & BIRD, LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777
frank.smith@alston.com
john.cox@alston.com
matthew.howell@alston.com

Deepro R. Mukerjee
ALSTON & BIRD, LLP
90 Park Avenue
New York, NY 10016-1387
Tel.: (212) 210-9501
Fax: (212) 922-3881
deepro.mukerjee@alston.com

J. Patrick Elsevier, Ph.D.
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Tel.: (858) 314-1200
Fax: (858) 314-1150
jpelsevier@jonesday.com

*Counsel for Merial Limited*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the **PLAINTIFFS' OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR SCHEDULING CONFERENCE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: Daniel Alan M. Ruley, aruley@belldavispitt.com, William K. Davis, wdavis@belldavispitt.com, Christopher G. Kelly, christopher.kelly@hklaw.com, Steven L. D'Alessandro, steven.dalessandro@hklaw.com, Robert J. Burns, robert.burns@hklaw.com, Joshua C. Krumholz, Joshua.krumholz@hklaw.com, Jitendra Malik, jmalik@alston.com, John Patrick Elsevier, jpelsevier@jonesday.com. Matthew W. Howell, matthew.howell@alston. Com, Judy C. Jarecki-Black, jduy.jarecki@merial.com, and Frank G. Smith, frank.smith@alson.com.

This the 28th day of February, 2011.

      /s/ Pressly M. Millen
      Pressly M. Millen (NCSB No. 16178)
      WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
      150 Fayetteville Street, Suite 2100
      Raleigh, NC 27601
      Telephone: (919) 755-2100
      Facsimile: (919) 755-2150
      Email: pmillen@wcsr.com

*Attorneys for Plaintiffs*
*BASF Agro B.V., Arnhem (NL), Wädenswil Branch and Bayer S.A.S.*

Of Counsel:

Kenneth A. Gallo
Craig Benson
Kent Kemeny
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON, LLP
2001 K Street NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
      cbenson@paulweiss.com
      kkemeny@paulweiss.com

John Nathan
Catherine Nyarady
Kripa Raman
Brian Egan
Jayson L. Cohen
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: jnathan@paulweiss.com
 cnyarady@paulweiss.com
 kraman@paulweiss.com
 began@paulweiss.com
 jlcohen@paulweiss.com


*Of Counsel for BASF Agro B.V. , Arnhem (NL), Wädenswil Branch*

Robert J. Koch
MILBANK, TWEED, HADLEY & MCCLOY LLP
1850 K Street, N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 835-7586
Email: rkoch@milbank.com

*Of Counsel for Bayer S.A.S.*