| | |
|---|---|
| BASF AGRO B.V., ARNHEM (NL), WÄDENSWIL BRANCH, BAYER S.A.S., and MERIAL LIMITED,<br><br>      Plaintiffs,<br><br>v.<br><br>CHEMINOVA, INC.<br><br>      Defendant. | **Civ. Action No. 10-CV-274 (WO)(WWD)**<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF EMERGENCY MOTION FOR SCHEDULING CONFERENCE** |

Defendant Cheminova, Inc. (hereinafter "Cheminova") hereby submits this reply brief in further support of its motion for an expedited scheduling conference in this case on a date and time as soon as is practicable and convenient for the Court. In further support of this Motion, Cheminova states as follows:

1. Contrary to plaintiffs' suggestion, Cheminova does not seek abandonment of the "staged approach" to discovery under which this case has proceeded to date. Rather, in light of the short time between now and the July 2011 trial term, Cheminova has proffered two alternative scheduling approaches, either of which would complete the remaining pre-trial milestones in a reasonable, orderly, and expeditious manner: (a) complete limited expert discovery on *Markman* issues sooner rather than later so as not to unduly delay the claim construction hearing; or (b) expeditiously conclude fact discovery on a timeline that will allow expeditious commencement and completion of expert discovery and claim construction proceedings following promptly thereafter.

2.      Plaintiffs have rejected the former proposal outright, stating that they will produce their experts for deposition once, and only once.  And, in recent weeks, they have attempted to thwart the latter proposal by tactically prolonging the substantial completion of fact discovery in this case.

3.      When Cheminova filed the instant motion on February 18, 2011, all was in order for substantial completion of fact discovery in early March.  Document and interrogatory discovery was long since substantially complete, and fact depositions were proceeding apace toward substantial completion in the near term.  All Cheminova fact witnesses for whom plaintiffs had requested specific deposition dates as of the filing of this motion had been either deposed or scheduled: Cheminova had at that time produced four witnesses for deposition, and had scheduled a fifth deposition of a requested Cheminova deponent for February 28.  Plaintiffs had produced six witnesses for deposition, and had scheduled four additional depositions -- including the Rule 30(b)(6) deposition of plaintiffs Bayer S.A.S. -- to occur during the three-week period following the filing of this motion.

4.      In short, all of the fact depositions that had been requested as of the date of filing of this motion had either been completed or were scheduled to be completed on or before March 4.  Accordingly, in the instant motion, Cheminova proposed scheduling alternatives premised upon the understanding that these depositions would proceed as scheduled and that fact discovery would be substantially complete by early March.

5.      Immediately after Cheminova filed this motion on February 18, counsel for BASF unilaterally informed Cheminova that a deposition that had been scheduled to

occur on March 4 would not proceed on that date, and that alternative dates would be provided. At present, counsel for BASF has still not provided alternative dates for this deposition, despite several follow-up requests from Cheminova's counsel. Further, on February 19, counsel for Bayer informed Cheminova that the Bayer 30(b)(6) deposition, which had been scheduled to occur on February 24, would not proceed on that date. Several days later, Bayer's counsel advised that the Bayer 30(b)(6) deposition would not occur until March 30 or 31, and despite follow-up requests by Cheminova, Bayer's counsel has maintained its refusal to produce its client for deposition prior to March 31.

6. Further, on February 25 -- just one business day before plaintiffs filed their opposition to the instant motion in which they argued that "[n]umerous fact depositions remain to be completed" -- plaintiffs revived a long-deferred request for depositions of four additional Cheminova witnesses (Pedersen, Kvieholm, DeCarlo, and Wang). The suggestion in plaintiffs' opposition papers that these four additional fact witnesses had long been requested by plaintiffs, and that Cheminova had unilaterally delayed their scheduling, is flatly incorrect. In fact, Cheminova had proposed December 2010 deposition dates for several of these deponents. It was *plaintiffs*, not Cheminova, that deferred decisions as to whether and when they wanted to depose certain of these "second tier" witnesses (Pedersen, Kvieholm) until they completed the depositions of their "first tier" Cheminova deponents (Chalk, Winckelmann, Nordlyng, and Allemang). Moreover, it was *plaintiffs*, not Cheminova, that deferred several of these "first tier" depositions (Allemang, Nordlyng) until February 2011. And it was *plaintiffs*, not Cheminova, that

3

remained silent on depositions of their "second tier" deponents until February 25, despite the fact that the last of their initial "first tier" deponents was deposed on February 10.

7.      In short, the suggestion in plaintiffs' opposition that significant work remains to be done before fact depositions are complete is a condition that plaintiffs themselves concocted in the week before they filed that opposition.  Had fact depositions proceeded as they had been scheduled as of February 18, when Cheminova filed this motion, they would now be substantially complete.  But plaintiffs saw to it that this would not occur.  Due to last-minute cancellations by plaintiffs, depositions of plaintiffs' witnesses will now not be complete until at least March 31.  And, due to last-minute additions of Cheminova deponents that Cheminova justifiably thought plaintiffs no longer sought to depose, Cheminova is now scurrying to arrange new depositions on an expedited timetable that will pose the least possible disruption to follow-on case milestones and to the July 2011 trial date.  Plaintiffs cannot be allowed to unilaterally defeat Cheminova's reasonable scheduling proposals -- and, thereby, prevent timely consideration of claim construction and dispositive motions by the Court -- in such a transparently tactical manner.

8.      To shift the focus from these tactical delays engineered at their own making, plaintiffs claim that it was *Cheminova* that has, in several ways, delayed the forward progress of this case.  These claims ring hollow.  As an initial matter, plaintiffs' suggestion that Cheminova unduly delayed the filing of this motion is contrary to fact. The timing of this motion's filing was in part the result of efforts by Cheminova to coordinate a single *Markman* hearing on the identical Application Patents at issue in this

4

case and in the *Makhteshim* case also pending in this Court. However, as a result of purported emergent activity in the *Makhteshim* case, it became clear that Cheminova's goal could not be reached without the Court's involvement and coordination. At that point, Cheminova filed this motion.

9. Plaintiffs further suggest that Cheminova is responsible for delaying adjudication of claim construction because it elected to rely upon "disfavored" expert testimony that is "not necessary" to Cheminova's claim construction arguments. However, contrary to plaintiffs' suggestion, a court may consult expert testimony when construing claim terms. *See, e.g., Spansion, Inc. v. International Trade Commission*, 629 F.3d 1331, 1344 (Fed. Cir. 2010); *Serio-Us Industries, Inc. v. Plastic Recovery Technologies, Corp.*, 459 F.3d 1311, 1319 (Fed. Cir. 2006); *Pfizer Inc. v. Synthon Holding, B.V.*, 2006 WL 6143064, *3 (M.D.N.C. March 7, 2006). Expert testimony on claim construction is permissible where, as here, it will assist the court in understanding how a person of ordinary skill in the art would (a) understand the technology at issue in the patent, and (b) establish that a particular term in the patent has a specific meaning in the relevant field. *See Phillips v. AWH Corp.*, 415 F. 3d 1303, 1318 (Fed. Cir. 2005); *Pfizer Inc. v. Synthon Holding, B.V.*, 2006 WL 6143064, *3 (M.D.N.C. March 7, 2006). Where a claim construction argument is premised upon indefiniteness -- as are certain of Cheminova's arguments on the Application Patents in this case -- expert testimony is particularly useful, if not necessary, for a proper construction. *See Spansion, Inc. v. International Trade Commission*, 629 F.3d 1331, 1344 (Fed. Cir. 2010) ("Indefiniteness

5

requires a determination whether those skilled in the art would understand what is claimed."); *Morton Int'l Inc. v. Cardinal Chem. Co*., 5 F.3d 1464, 1470 (Fed. Cir. 1993).

10. The fact of the matter is that both sides have relied upon expert declarations to support their claim constructions in this case. Cheminova included expert declarations with its opening claim construction brief -- declarations necessary to its indefiniteness argument, and useful to its other claim construction arguments -- and plaintiffs responded in kind by submitting expert declarations of their own. Accordingly, there is now no legitimate dispute that, before a *Markman* hearing is held and claim construction submitted to the Court, some period of expert discovery addressed to the substance of these declarations will be needed. Plaintiffs, however, apparently seek to delay this expert discovery for several months, and thereby to delay the *Markman* hearing that will follow thereafter. As the two viable scheduling proposals detailed in Cheminova's opening papers make clear, these delays are neither necessary nor appropriate.

11. Finally, plaintiffs in their opposition papers state that they have "no desire" to engage in supplemental briefing on *Markman* issues, and that further briefing will only serve to delay resolution of these issues. But some limited supplemental briefing of claim construction issues will need to occur prior to submission of claim construction to this Court for decision, for several reasons:

*First*, as detailed above, there is at this point no dispute that some sort of expert discovery on *Markman* issues is needed prior to a *Markman* hearing. Supplemental briefing will be required to provide the Court with the fruits of that expert discovery.

6

*Second*, plaintiffs' *Markman* reply brief raised for the first time a new, and critical, issue for the construction of the Manufacturing Patents. One of the expert declarations plaintiffs submitted with their reply brief plainly demonstrates that plaintiffs' proffered construction would have the effect of invalidating one or both of the Manufacturing Patents and therefore, under established principles of claim construction, must be rejected as overbroad. This declaration raises a new issue that Cheminova did not reasonably expect plaintiffs to raise in their reply brief: that is, that plaintiffs' construction would effectively invalidate their Manufacturing Patent(s) on grounds of obviousness (*see KSR International Co. v. Teleflex*, 550 U.S. 398, 421 (2007)). Accordingly, supplemental *Markman* briefing is also needed to bring the Court's attention to this critical, and potentially dispositive, point, and to assist the Court in arriving at a claim construction that does not have an impermissible invalidating effect.

12.     In its opening papers, Cheminova provided the Court with two alternative scheduling proposals that would allow the parties the time they need to complete discovery and briefing on *Markman* issues, and that would allow the Court the time it needs to hear and decide claim construction -- as well as follow-on dispositive motions -- in an orderly fashion prior to trial. In their opposition papers, Plaintiffs summarily reject both proposals, without offering any specific alternative suggestion of their own.[1] However, by artificially prolonging fact discovery, and by insisting that a *Markman* hearing can occur only after full-scale expert discovery is complete sometime in May,

---

[1] While page 7 of plaintiffs' opposition brief refers to an "Amended Scheduling Order" submitted with their filing, no such submission was included, and plaintiffs' opposition papers are silent as to the specific pre-trial schedule they propose for the remainder of this case.

plaintiffs are, effectively, forcing Cheminova and the Court to suffer the consequences of plaintiffs' unwillingness to conclude fact discovery reasonably and expeditiously.

13.     Despite plaintiffs' cherrypicking of two cases brought in this District years ago, Cheminova submits that it is neither "common" nor desired for a *Markman* hearing to be held one month or less prior to trial.  Neither the Court's interest in rendering a considered claim construction decision, nor the parties' interests in securing such a decision with ample time to make follow-on dispositive motions and to prepare effectively for the July 2011 trial calendar, would be served by plaintiffs' unnecessarily condensed and slapdash proposal.  Despite plaintiffs' recent plays for delay, ample time still remains for the parties to expeditiously complete fact discovery, to conduct expert discovery on claim construction, and to have this case readied for a *Markman* hearing in mid- to late-April.  Cheminova seeks the Court's assistance in setting a case schedule that would accomplish this goal, and that would allow the parties and the Court the time needed to complete the work that remains on an orderly and reasonable timetable.

Respectfully submitted this 14th day of March, 2011.

Respectfully submitted,

By:   /s/Alan M. Ruley_____
William K. Davis
Alan M. Ruley
BELL, DAVIS & PITT, P.A.
100 N. Cherry Street, Suite 600
Winston-Salem, NC 27101
wdavis@belldavispitt.com
aruley@belldavispitt.com
Phone No. (336) 722-3700
Fax No. (336) 722-8153

/s/ Christopher G. Kelly_____
Christopher G. Kelly
Steven L. D'Alessandro
Robert J. Burns
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
christopher.kelly@hklaw.com
steven.dalessandro@hklaw.com
robert.burns@hklaw.com
Phone No. (212) 513-3200
Fax No. (212) 385-9010

Joshua C. Krumholz
HOLLAND & KNIGHT LLP
10 St. James Ave.
Boston, MA 02116
joshua.krumkolz@hklaw.com
Phone No. (617) 523-2700
Fax No. (617) 523-6850

*Attorneys for Defendant and Counter-Plaintiff*
*Cheminova, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| Catherine Nyarady | cnyarady@paulweiss.com |
| Craig Benson | cbenson@paulweiss.com |
| Jayson L. Cohen | jlcohen@paulweiss.com |
| John E. Nathan | jnathan@paulweiss.com |
| Kenneth A. Gallo | kgallo@paulweiss.com |
| Kent E. Kemeny | kkemeny@paulweiss.com |
| Kripa Raman | kraman@paulweiss.com |
| Pressly McCauley Millen | pmillen@wcsr.com |
| Robert J. Koch | rkoch@milbank.com |
| Jitendra Malik | jmalik@alstonbird.com |
| Frank G. Smith | Frank.smith@alston.com |
| Judy C. Jarecki-Black | judy.jarecki@merial.com |
| John Patrick Elsevier | jpelsevier@jonesday.com |
| Matthew W. Howell | Matthew.howell@alston.com |

/s/ Robert J. Burns_____

10