IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BASF AGRO B.V., ARNHEM (NL), WÄDENSWIL BRANCH, BAYER S.A.S., and MERIAL LIMITED,<br><br>    Plaintiffs,<br><br>v.<br><br>CHEMINOVA, INC.,<br><br>    Defendant. | C.A. No. 10-cv-274-WO-WWD |

**PLAINTIFFS' OBJECTION TO CONSOLIDATION OF *MARKMAN* HEARINGS IN THE CHEMINOVA AND MAKHTESHIM CASES**

Plaintiffs respectfully submit this Objection to Consolidation of *Markman* Hearings in the Cheminova and Makhteshim Cases. On April 6, 2011 the Court held a teleconference with the parties in the Cheminova case regarding the possibility of consolidating the *Markman* hearing in this case with that tentatively scheduled in a related case (No. 1:10CV276) (the "Makhteshim case").[1] Because consolidation would necessarily require delay of the preliminary injunction proceedings in the Makhteshim case due to Cheminova's injection of expert issues into *Markman* proceedings in this case, Plaintiffs oppose consolidation. With respect to the '848 and '943 process/manufacturing patents, which are not in suit in the Makhteshim case, Plaintiffs oppose consolidation for the additional reason that it would not even potentially contribute to more efficient resolution of the two cases.

Accordingly, Plaintiffs respectfully request that a separate Markman hearing for this case be scheduled after the close of discovery.

---

[1] Subsequently, the parties in the Makhteshim case have conferred and agreed to the following tentative schedule in the Makhteshim case:
- May 2, 2011: Markman hearing on '010 and '743 method/application patents
- May 4-5, 2011: Preliminary injunction hearing

I.  ARGUMENT

   A.  **Cheminova Inserted Experts Into *Markman*.**

The November 17, 2010 Scheduling Order in this case set no *Markman* (claim construction) hearing date. (D.I. 61) Prior to claim construction briefing, Plaintiffs agreed to leave open the possibility for coordinating the *Markman* hearing in this case with that in the Makhteshim case. However, coordination of a *Markman* hearing with the Makhteshim case became impractical as a result of Cheminova's unilateral and deliberate decision, unlike either Plaintiffs or the Makhteshim case Defendants, to rely on expert declarations in its opening *Markman* brief. (D.I. 70, Attachments 1 & 2)

Plaintiffs did not include expert declarations in their opening claim construction brief[2] and only submitted expert declarations in response to those of Cheminova. (D.I. 78, Attachments 5 & 6) Cheminova went even further, relying on additional expert declarations in its *Markman* responsive brief. (D.I. 84 & 85)

In contrast, neither Plaintiffs nor the Makhteshim case Defendants relied on any expert declarations in any of the *Markman* briefs in the Makhteshim case.

Further, as noted in Plaintiffs' Opposition To Defendant's Emergency Motion For Scheduling Conference (D.I. 91), Cheminova rejected Plaintiffs' offer to join in seeking consolidation of the *Markman* hearing with that in the Makhteshim case if Cheminova agreed that the parties would mutually not rely on any of the expert declarations, making expert depositions unnecessary before a *Markman* hearing. Thus, Cheminova repeatedly has taken steps to ensure that

---

[2]  Expert evidence is not necessary, and in fact is disfavored, in *Markman* proceedings. *Phillips* v. *AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (*en banc*) ("extrinsic evidence consisting of expert reports and testimony is generated at the time of and for the purpose of litigation and thus can suffer from bias that is not present in intrinsic evidence.").

full expert discovery must be completed before any *Markman* hearing can be held in this case. (*See, e.g.*, D.I. 90; Exs. B, C to D.I. 91)

      **B.**      **The Necessary Expert Discovery Cannot Be Completed In Time**

Formal expert discovery has just begun in this case, with the service of opening expert reports on April 6, 2011. Responsive expert reports are not due until April 27, 2011. Afterwards, at least the four experts who have thus far opined on *Markman* issues in this case will have to be deposed prior to a *Markman* hearing – as Cheminova concedes in its Reply Brief in Further Support of Emergency Motion for Scheduling Conference. (D.I. 92) ("[B]efore a *Markman* hearing is held and claim construction submitted to the Court, some period of expert discovery addressed to the substance of these declarations will be needed.")

To make matters worse, Cheminova has offered one of its experts for deposition on May 2 – the day the *Markman* hearing is tentatively scheduled in the Makhteshim case, and offered the other two experts for deposition on May 4 and May 9. (*See* Ex. A, attached hereto.) Further, Cheminova proposes that <u>following</u> expert depositions "some limited supplemental briefing of claim construction issues will need to occur prior to a *Markman* hearing… to provide the Court with the fruits of that expert discovery." (D.I. 92, ¶11) Thus, by Cheminova's own admission, much of the expert discovery necessary to conduct a *Markman* hearing in this case, and any resulting supplemental briefing, will not even have <u>begun</u> before the May 2 *Markman* hearing tentatively scheduled in the Makhteshim case.

Cheminova's filing of a premature summary judgment motion has further frustrated the possibility of completing expert discovery in time for a coordinated *Markman* hearing. As noted in Plaintiffs' concurrently filed Objection to and Motion to Postpone Briefing on Defendant's Motion For Summary Judgment, Cheminova has filed a summary judgment motion prior to the start of expert discovery. Absent the Court's intervention, Plaintiffs must expend unnecessary resources,

3

prior to the *Markman* hearing tentatively scheduled in the Makhteshim case, responding to the premature summary judgment motion. This is highly likely to further delay the conduct of expert discovery predicate to a *Markman* hearing in this case.

Thus, because of Cheminova's own actions, including its deliberate choice to insert experts into *Markman*, coordination of a *Markman* hearing with the Makhteshim case would now be unworkable without postponing the *Markman* hearing tentatively scheduled for May 2 in the Makhteshim case. This would, in turn, unacceptably require postponement of the May 4-5 preliminary injunction hearing in the Makhteshim case. Accordingly, Plaintiffs oppose consolidation.

**C.  There Is No Reason To Consolidate *Markman* On The '848 And '943 Patents**

The '848 and '943 process/manufacturing patents are not in suit in the Makhetshim case and relate to completely different subject matter than the '010 and '743 method/application patents that are common to both cases. The process/manufacturing patents cover how fipronil is made and the chemistry involved. The '010 and '743 patents cover how fipronil is applied as a termiticide to protect a structure. Thus, neither judicial economy nor convenience to the parties would be furthered by consolidating a *Markman* hearing on these unrelated patents with the *Markman* hearing tentatively scheduled in the Makhteshim case. For this additional reason, Plaintiffs oppose consolidation with respect to the '848 and '943 patents.

**II.  CONCLUSION**

For all of the above reasons, Plaintiffs object to consolidation of the *Markman* hearing in this case with the *Markman* hearing tentatively scheduled in the Makhteshim case. Instead, Plaintiffs respectfully request that a separate *Markman* hearing for this case be scheduled after the close of expert discovery.

4

Alternatively, if the Court decides to consolidate the *Markman* hearings on the '010 and '743 method/application patents on May 2, Plaintiffs request that no expert testimony be permitted either by live testimony or by Declaration. In that event, Plaintiffs further request that the *Markman* hearing in this case on the '848 and '943 process/manufacturing patents be held after the close of expert discovery.

**WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**

DATED: April 8, 2011

/s/ Pressly M. Millen
Pressly M. Millen (NCSB No. 16178)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
pmillen@wcsr.com
Tel: (919) 755-2100
Fax: (919) 755-2150
*Attorneys for Plaintiffs*
BASF Agro B.V., Arnhem (NL), Wädenswil Branch and Bayer S.A.S.

Of Counsel:

Kenneth A. Gallo
Craig Benson
Kent Kemeny
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
2001 K Street NW
Washington, DC 20006-1047
kgallo@paulweiss.com
cbenson@paulweiss.com
kkemeny@paulweiss.com
Tel: (202) 223-7300
Fax: (202) 223-7420

John E. Nathan
Catherine Nyarady
Kripa Raman
Brian P. Egan
Jayson L. Cohen
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
jnathan@paulweiss.com
cnyarady@paulweiss.com
kraman@paulweiss.com
began@paulweiss.com
jlcohen@paulweiss.com
Tel: (212) 373-3000
Fax: (212) 757-3990

*Counsel for BASF Agro B.V., Arnhem (NL), Wadenswil Branch*

Robert J. Koch
MILBANK, TWEED, HADLEY & MCCLOY LLP
1850 K Street, N.W., Suite 1100
Washington, DC 20006
rkoch@milbank.com
Tel: (202) 835-7500
Fax: (202) 835-7586

*Counsel for Bayer S.A.S.*

              **ALSTON & BIRD, LLP**

              /s/ Jitendra Malik
              Jitendra Malik, Ph.D. **(**NCSB No. 32809)
              ALSTON & BIRD, LL
              101 South Tryon Street, Suite 4000
              Charlotte, NC 28280-4000
              Tel.: (704) 444-1115
              Fax.: (704) 444-1695
              jitty.malik@alston.com
              *Attorney for Plaintiff*
              *Merial Limited*

Of Counsel:

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350
judy.jarecki@merial.com

Frank G. Smith, III
John W. Cox, Ph.D.
Matthew W. Howell

6

Case 1:10-cv-00274-WO -WWD   Document 109   Filed 04/08/11   Page 6 of 9

ALSTON & BIRD, LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777
frank.smith@alston.com
john.cox@alston.com
matthew.howell@alston.com

Deepro R. Mukerjee
ALSTON & BIRD, LLP
90 Park Avenue
New York, NY 10016-1387
Tel.: (212) 210-9501
Fax: (212) 922-3881
deepro.mukerjee@alston.com

J. Patrick Elsevier, Ph.D.
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Tel.: (858) 314-1200
Fax: (858) 314-1150
jpelsevier@jonesday.com

*Counsel for Merial Limited*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the **PLAINTIFFS' OBJECTION TO CONSOLIDATION OF MARKMAN HEARINGS IN THE CHEMINOVA AND MAKHTESHIM CASES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: Daniel Alan M. Ruley, aruley@belldavispitt.com, William K. Davis, wdavis@belldavispitt.com, Christopher G. Kelly, christopher.kelly@hklaw.com, Steven L. D'Alessandro, steven.dalessandro@hklaw.com, Robert J. Burns, robert.burns@hklaw.com, Joshua C. Krumholz, Joshua.krumholz@hklaw.com, Jitendra Malik, jmalik@alston.com, John Patrick Elsevier, jpelsevier@jonesday.com. Matthew W. Howell, matthew.howell@alston. Com, Judy C. Jarecki-Black, jduy.jarecki@merial.com, and Frank G. Smith, frank.smith@alson.com.

DATED: April 8, 2011          /s/ Pressly M. Millen
                              Pressly M. Millen (NCSB No. 16178)
                              WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
                              150 Fayetteville Street, Suite 2100
                              Raleigh, NC 27601
                              pmillen@wcsr.com
                              Tel: (919) 755-2100
                              Fax: (919) 755-2150
                              *Attorneys for Plaintiffs*
                              *BASF Agro B.V., Arnhem (NL), Wädenswil Branch and Bayer S.A.S.*

Of Counsel:

Kenneth A. Gallo
Craig Benson
Kent Kemeny
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
2001 K Street NW
Washington, DC 20006-1047
kgallo@paulweiss.com
cbenson@paulweiss.com
kkemeny@paulweiss.com
Tel: (202) 223-7300
Fax: (202) 223-7420

John E. Nathan
Catherine Nyarady
Kripa Raman
Brian P. Egan
Jayson L. Cohen

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
jnathan@paulweiss.com
cnyarady@paulweiss.com
kraman@paulweiss.com
began@paulweiss.com
jlcohen@paulweiss.com
Tel: (212) 373-3000
Fax: (212) 757-3990

*Counsel for BASF Agro B.V., Arnhem (NL), Wadenswil Branch*

Robert J. Koch
MILBANK, TWEED, HADLEY & MCCLOY LLP
1850 K Street, N.W., Suite 1100
Washington, DC 20006
rkoch@milbank.com
Tel: (202) 835-7500
Fax: (202) 835-7586

*Counsel for Bayer S.A.S.*