IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BASF AGRO B.V., ARNHEM (NL), WÄDENSWIL BRANCH, BAYER S.A.S., and MERIAL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>CHEMINOVA, INC.<br><br>Defendant. | Civ. Action No. 10-CV-274 (WO)(WWD)<br><br>**RESPONSE TO PLAINTIFFS' OBJECTION TO AND MOTION TO POSTPONE BRIEFING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Defendant Cheminova, Inc. (hereinafter "Cheminova") submits this response to Plaintiffs' Objection to Cheminova's filing of its motion for summary judgment (Docket Nos. 99 - 108) on April 4, 2011, and to Plaintiffs' Motion to postpone further briefing thereon until June 3, 2011.

Cheminova filed its motion for summary judgment on April 4, 2011, for two reasons. *First*, it was simply complying with the Court-ordered deadline for such motions. Indeed, the Court's Scheduling Order (Docket No. 61) was unambiguous on this point: dispositive motions on issues of patent liability must have been filed on or before April 4, 2011.[1] *Second*, Cheminova wished to file its motion in time to give the Court a sufficient opportunity to consider and rule upon it in advance of the July 5th trial

---

[1] Cheminova previously sought to address this and other deadlines in light of mutually agreed-upon discovery extensions, and sought the Court's assistance by motion. *See* Docket No. 90 (Cheminova's Emergency Motion for Scheduling Conference, filed February 18, 2011). Plaintiffs opposed Cheminova's motion (*see* Docket No. 91), however, and as of April 4, 2011, Cheminova's motion had not been decided. The conclusion that the Court's ordered deadline for dispositive motions remained controlling was inescapable. Accordingly, Cheminova took every reasonable step to make sure it complied with the Court's requirements, since it believes that this matter can and should be resolved in a summary judgment fashion.

calendar. By filing on April 4, under the local rules, the motion would be fully briefed by May 16, 2011, giving the Court seven weeks before trial in which to review the papers, schedule a hearing if appropriate, and render a decision.

Notwithstanding these practical bases compelling Cheminova's filings, Plaintiffs now object to that filing. Each of Plaintiffs' arguments, however, only reinforces the conclusion that Plaintiffs really only seek to unduly, and unfairly, delay decision on Cheminova's dispositive motion.[2] To begin with, Plaintiffs assert that Cheminova's summary judgment motion is premature because certain fact discovery is still outstanding. The only outstanding fact discovery identified by Plaintiffs, however, involves third-party discovery that is the subject of a motion to compel that has been pending, without decision, in the U.S. District Court for the District of Delaware, since December 17, 2010. Further, Plaintiffs do not suggest -- because they cannot -- that this potential third-party discovery has anything to do with the dispositive issues raised in Cheminova's summary judgment motion.

Plaintiffs also claim that Cheminova's summary judgment motion is premature because, per the parties' agreement, expert reports were exchanged on April 6[3] and rebuttal expert reports will be exchanged on April 27, with expert depositions to occur immediately thereafter. Plaintiffs' argument ignores Cheminova's offer, during a teleconference on April 5, to allow Plaintiffs a modest extension of the May 4 summary

---

[2] Of course, one motivation for delay is obvious: Cheminova has stipulated to restrain its U.S. fipronil activities until such time as judgment is entered in its favor as against Plaintiffs' allegations of infringement.

[3] In fact, Cheminova provided Plaintiffs with its burden expert reports two days before the agreed exchange date, in connection with its summary judgment motion.

judgment opposition deadline to allow them to take their desired expert depositions. Indeed, Cheminova has already offered its experts for depositions during a period from May 2 to May 9 for that very purpose. *See* Exh. A.[4] If Plaintiffs contend that they cannot oppose Cheminova's summary judgment motion until they have been served with all expert reports and have deposed Cheminova's experts, those events will have been completed by no later than May 9. Plaintiffs offer no legitimate reason why they cannot file their opposition to Cheminova's summary judgment motion shortly thereafter, rather than *four weeks* later, as they now propose.

Plaintiffs further contend that Cheminova's timely filing of its summary judgment motion "contradicts the parties' understanding" that summary judgment motions would not be filed until expert discovery is complete. There was no such understanding.[5] The extant scheduling order agreed by the parties and submitted for the Court's consideration provides only an outer limit deadline for the filing of dispositive motions -- "on or before April 4, 2011" -- with a summary judgment briefing schedule per the Local Rules triggered upon whatever date(s) such motion(s) are filed. Similarly, the Plaintiffs never asked for, let alone secured, Cheminova's agreement or "understanding" that it would not file a motion for summary judgment until the completion of expert discovery. Both the existing scheduling order and the parties' prior communications indicate that summary

---

[4] To date, Plaintiffs have not provided Cheminova with deposition dates for their experts or responded to the dates provided by Cheminova.

[5] Likewise, Plaintiffs' repeated, and unsupported, suggestion that a dispositive motion schedule that would not have summary judgment motions fully briefed until June 17 was "contemplated" by both parties is simply false. Cheminova's counsel made clear during a telephone conference on February 2, 2011, that Cheminova did not share Plaintiffs' "understanding" regarding Plaintiffs' proposed scheduling delays..

3

judgment motions may be filed at any time "on or before April 4, 2011," subject to the opponent's opportunity pursuant to Fed. R. Civ. P. 56(d) to demonstrate that it lacks access to facts necessary to oppose. If Plaintiffs think they have a viable argument for delay of Cheminova's motion pursuant to Fed. R. Civ. P. 56(d), they are free to make it in opposition to Cheminova's motion. They have not, however, done so in their instant Objection, nor could they in light of Cheminova's offer to defer the deadline for filing of Plaintiffs' opposition until shortly after Plaintiffs have completed depositions of Cheminova's experts on May 9.

Finally, at the same time they argue that Cheminova filed its motion *too early*, they also claim, in boldfaced fashion, that Cheminova filed its summary judgment motion *too late*. The calendar is no ally of Plaintiffs, however; their arguments of untimeliness are as unavailing as those of prematurity. Plaintiffs are well aware that fact discovery in this case continued at least until the March 31, 2011 Rule 30(b)(6) deposition of Bayer S.A.S., having themselves unilaterally delayed the scheduling of that and other fact depositions for weeks, and in certain instances, months. *See* Docket No. 92 (reciting history of delays). Further, Plaintiffs are well aware that expert discovery will not conclude until sometime in early May, having themselves proposed a corresponding agreed expert discovery schedule to Cheminova. Given this, Plaintiffs' halfhearted suggestion that discovery "closed" on March 15 for summary judgment notice purposes is beyond disingenuous.

The plain fact of the matter is that try as they might, Plaintiffs do not, and cannot, dispute that the Court had entered a specific deadline for the filing of summary judgment

4

Case 1:10-cv-00274-WO -WWD   Document 111   Filed 04/12/11   Page 4 of 8

motions.  While the parties may voluntarily agree to continue to exchange fact and expert discovery past interim discovery cut-offs as they seek approval from the Court -- as they have done here -- specific and extant filing deadlines such as the April 4 deadline for the filing of dispositive motions may not simply be agreed-around by the parties or, worse, unilaterally ignored.  Cheminova faced an April 4 deadline by court order for the filing of its summary judgment motion, and it complied with that deadline.[6]  Plaintiffs remained bound by that same exact order, and let it pass without seeking an extension, or filing their own motion.  *See Halpern v. Wake Forest Univ.*, 268 F.R.D. at 274 ("[T]he scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.  Rather, a scheduling order is the critical path chosen by the court and the parties to fulfill the mandate of Rule 1 in securing the just, speedy, and inexpensive determination of every action.  As a result, the judges of [the MDNC] consistently enforce case management deadlines to ensure that trials take place as scheduled.").

Even with modest extensions to the operative deadlines to allow for the completion of expert discovery before further briefing, Cheminova's summary judgment motion should be fully-briefed and ready for decision by the end of May, just over one

---

[6] Plaintiffs' "objection" is curiously silent as to whether they intend to seek leave to allow them to file late dispositive motion(s) of their own past the operative April 4 dispositive motion deadline.  However, the "briefing schedule" they propose as Exhibit A includes a revised dispositive motion deadline of May 20, indicating that Plaintiffs are indeed seeking, quietly and after the fact, to *de facto* revive a deadline that they failed to meet and from which they failed to timely seek anticipatory relief.  But Plaintiffs have simply not shown excusable neglect or other good cause to justify their failure to timely file summary judgment motion(s) on or before the longstanding April 4 deadline, or their failure even to seek relief therefrom before the deadline passed. *See, e.g.,* Fed. R. Civ. P. 6(b)(1)(B); *Davis v. Trans Union, LLC*, 526 F. Supp.2d 577, 583 (W.D.N.C. 2007); *Neighbors Law Firm, P.C. v. Highland Capital Management, L.P.*, No. 5:09-cv-352, 2011 WL 238605 (E.D.N.C. Jan. 24, 2011); *Halpern v. Wake Forest University Health Sciences*, 268 F.R.D. 264 (M.D.N.C. 2010).

month before the commencement of trial on July 5. A proposed schedule to this effect is submitted by Cheminova as Exhibit B hereto. Plaintiffs' effort to delay further briefing on Cheminova's timely-filed summary judgment motion until June 3 (opposition) through June 17 (reply) -- over two months after Cheminova filed its motion, over one month after the operative Local Rules briefing deadlines, four weeks after Plaintiffs conclude depositions of Cheminova's experts, and a mere ten business days before the scheduled start of trial -- must be seen for what it is: an effort to heighten the chances that Cheminova's dispositive motion will not be decided before the July 5 trial calendar, and to make it virtually certain that no decision will issue before the parties must undertake the cost and effort of preparing for trial. Plaintiffs' Objection, then, amounts to nothing more than an attempt to tactically delay the resolution of a motion that Plaintiffs undoubtedly recognize will dispose of their claims in this case -- and which judgment may relieve Cheminova of its stipulated agreement to limit its U.S. fipronil activities. Cheminova has done nothing other than abide by an unamended Court order for filing dispositive motions. Plaintiffs' suggestion that it should be permitted to help itself to weeks of additional time to respond to a motion timely filed is so palpably prejudicial to Cheminova that it should be rejected out of hand. Cheminova respectfully submits this Court should be slow to punish Cheminova for abiding by the Court's deadlines, and reward the dilatory tactics of Plaintiffs as they pick and choose which of their cases in which they are Plaintiffs they will prosecute on a timetable preferable to them.

    For the foregoing reasons, Cheminova respectfully requests that Plaintiffs' Objection be overruled, that their motion to postpone the briefing be denied, and that

6

Case 1:10-cv-00274-WO -WWD   Document 111   Filed 04/12/11   Page 6 of 8

further briefing on Cheminova's summary judgment motion proceed pursuant to the Local Rules, or alternatively, pursuant to the schedule proposed by Cheminova as Exhibit B.

Respectfully submitted this 12th day of April, 2011.

Respectfully submitted,

By: /s/Alan M. Ruley_____
William K. Davis
Alan M. Ruley
BELL, DAVIS & PITT, P.A.
100 N. Cherry Street, Suite 600
Winston-Salem, NC 27101
wdavis@belldavispitt.com
aruley@belldavispitt.com
Phone No. (336) 722-3700
Fax No. (336) 722-8153

/s/ Christopher G. Kelly_____
Christopher G. Kelly/Joshua C. Krumholz
Robert J. Burns/Steven L. D'Alessandro
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
christopher.kelly@hklaw.com
joshua.krumkolz@hklaw.com
robert.burns@hklaw.com
steven.dalessandro@hklaw.com
Phone No. (212) 513-3200
Fax No. (212) 385-9010

*Attorneys for Defendant and Counter-Plaintiff Cheminova, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| Catherine Nyarady | cnyarady@paulweiss.com |
| Craig Benson | cbenson@paulweiss.com |
| Jayson L. Cohen | jlcohen@paulweiss.com |
| John E. Nathan | jnathan@paulweiss.com |
| Kenneth A. Gallo | kgallo@paulweiss.com |
| Kent E. Kemeny | kkemeny@paulweiss.com |
| Kripa Raman | kraman@paulweiss.com |
| Pressly McCauley Millen | pmillen@wcsr.com |
| Robert J. Koch | rkoch@milbank.com |
| Jitendra Malik | jmalik@alstonbird.com |
| Frank G. Smith | Frank.smith@alston.com |
| Judy C. Jarecki-Black | judy.jarecki@merial.com |
| John Patrick Elsevier | jpelsevier@jonesday.com |
| Matthew W. Howell | Matthew.howell@alston.com |

/s/ Robert J. Burns_____