IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BASF AGRO B.V., ARNHEM (NL), WÄDENSWIL BRANCH, BAYER S.A.S., and MERIAL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>CHEMINOVA, INC.,<br><br>Defendant. | Civ. Action No. 10-CV-274 (WO)(WWD)<br><br>**DEFENDANT'S RESPONSE TO PLAINIFFS' OBJECTION TO CONSOLIDATION OF *MARKMAN* HEARINGS IN THE CHEMINOVA AND MAKHTESHIM CASES** |

Defendant Cheminova, Inc., ("Cheminova") respectfully submits this Response to Plaintiff's Objection to Consolidation of *Markman* Hearings in the Cheminova and Makhteshim Cases ("Plaintiffs' Objection"). On April 6, 2011, the Court held a teleconference with the parties in the instant matter. (Docket Entry, April 6, 2011). Counsel for Cheminova and Plaintiffs BASF Agro B.V., Arnhem (NL), Wädenswil Branch, ("BASF") and Merial Limited ("Merial") participated.[1] During the conference, the Court noted that certain patents-in-suit were common to both the instant matter and a related case, *BASF, et al. v. Makhteshim, et al.*, 10-CV-276 (the "Makhteshim case"). After advising of the potential for a consolidated *Markman* hearing on those two

---

[1] Although counsel for Plaintiff Bayer S.A.S. ("Bayer") did not participate in the call, counsel for BASF represented that he could speak on Bayer's behalf for purposes of the call.

1

overlapping patents, the Court asked the parties to consider and then confer regarding the appropriateness of such a unified hearing.[2]

Rather than confer with Cheminova, however, and without providing any explanation why they have not conferred with Cheminova, Plaintiffs filed the instant Objection. Had Plaintiffs spoken with Cheminova, each of their purported concerns could have been resolved without the need for the Court's intervention. Nevertheless, as Plaintiffs filed the instant Objection, Cheminova is compelled to respond in this manner.

For the reasons discussed below, the Court should consolidate the *Markman* hearings in these two cases as to the common patents-in-suit. At that hearing, tentatively scheduled for May 2, 2011, Cheminova respectfully submits that the Court can resolve all terms proffered for construction by the parties. Alternatively, at the Court's discretion, the single term that is unique to Cheminova, which requires expert declarations, can be resolved at a separate hearing at a later date.

## I. FACTS

Plaintiffs assert that Cheminova infringes four patents. The first two patents-in-suit, U.S. Patent Nos. 6,620,943 (the "'943 Patent") and 6,881,848 (the "'848 Patent") (collectively, the "Manufacturing Patents"), cover a specific process for manufacturing fipronil. The other two patents-in-suit, U.S. Patent Nos. 6,414,010 (the "'010 Patent") and 6,835,743 (the "'743 Patent") (collectively, the "Application Patents"), cover a

---

[2] "The court informed the parties of the tentative schedule in a related case (No. 1:10CV276) and suggested the possibility of consolidating the Markman hearings in the two cases. *The parties are directed to determine whether consolidation would be practical and to then contact the Case Manager to set up a further status conference.*" (Docket Entry, April 6, 2011 (emphasis added)).

specific method for applying fipronil-based products as an insecticide to protect buildings.

In a separate matter pending before this Court, Plaintiffs BASF and Bayer have asserted that Defendants Makhteshim Agan of North America, Inc., and Control Solutions, Inc., (collectively referred to as "Makhteshim") infringe the Application Patents. Although separate matters, as highlighted below, the parties have asked the Court to construe virtually the same terms of the Application Patents, and in virtually the same manner:[3]

| Term | *Cheminova's* Proposed Construction | *Makhteshim's* Proposed Construction |
|---|---|---|
| "Process for the protection of a [future] building against damage caused by insects" | "Protection of the entire [future] building, not a portion thereof" (p. 13). | "A process for the protection of the entire [future] building, not a portion thereof, against damage caused by insects" (p. 17). |
| "Active ingredient" | "A compound with the formula (I) as set forth in claim 1 of U.S. Patent No. 6,414,010 and claim 1 of U.S. Patent No. 6,835,743 and having no quick knock down effect and a secondary killing action" (pp. 13-14). | "An insecticide of the formula (I) . . . [with] a secondary killing action" (p. 19). |

---

[3] Citations are to the pages of the parties' respective opening *Markman* briefs: *BASF, et al. v. Cheminova*, 10-CV-274 (Document No. 70 (12/13/2010)); and *BASF, et al. v. Makhteshim, et al.*, 10-CV-276 (Docket No. 50 (12/13/2010)).

3

| | | |
|---|---|---|
| "Secondary killing action" | -- | "…the active ingredient has the ability to kill insects that have only been exposed to the active ingredient via another insect." (p. 19). |
| "Treated locations"[4] | "Discrete locations where an effective amount of solution or suspension has been put" (pp. 18-19). | "Forming non-continuous locations either around or under the building (but not both), where there is an effective amount of the solution or suspension" (pp. 11-14). |
| "Untreated locations" | "Locations where the solution or suspension has not been put and through which insects may crawl and reach the building without being exposed to the solution or suspension" (pp. 18-19). | "Non-continuous locations through which insects may crawl and reach the building without being exposed to an effective amount of the solution or suspension" (pp. 11-14). |
| "Discrete locations"[5] | "Non-continuous locations" (p. 19). | "Forming non-continuous locations either around or under the building (but not both), where there is an effective amount of the solution or suspension" (pp. 11-14). |
| "Along the perimeter of the building" | "Along the interior or exterior of the boundary of the building, but not both" (p. 17-18). | "along the interior or exterior of the boundary of the building, but not both" (pp. 14-16). |

---

[4] In their papers, Makhetshim did not propose separate constructions for the terms "treated locations" and "discrete locations." Instead, they chose to construe these claim terms together. The proposed construction attributed to Makhteshim in this table is to that combined construction.
[5] *See* Footnote 4, *supra.*

4

| | | |
|---|---|---|
| "Total perimeter of the building" | "The total length of the boundary of the building" (p. 20). | "the total length of the boundary of the building" (pp. 16-17). |
| "Around or under" | Plain meaning of "or," the disjunctive of around and under (p. 17). | "ordinary meaning of 'or,' the disjunctive of 'around and under'" (pp. 11-14). |
| "Along the outline of the future building" | "Along the inside or the outside of the line marking the outer limits of the future building, but not both" (pp. 17-18). | "along the inside or outside of the future boundary of the future building, but not both" (pp. 14-16). |
| "An effective amount of said solution or suspension" | Plain meaning, alternatively "the amount of the solution or suspension needed to have its intended effects on insects" (p. 20). | Ordinary meaning (pp. 19-20). |

Both parties also have asserted that the term "no quick knockdown" is indefinite and therefore renders the Application Patents invalid pursuant to 35 U.S.C. § 112 (¶ 2). (Cheminova's Opening *Markman* Brief, pp. 13-16; Makhteshim's Opening *Markman* Brief, p. 18.) *See Morton Int'l Inc. v. Cardinal Chem. Co.*, 5 F.3d 1464, 1470 (Fed. Cir. 1993) (if the claim language is "not sufficiently precise to permit a potential competitor to determine whether or not he is infringing," the claim is invalid as being indefinite). The only difference at this stage is that, in support of its position, Cheminova has offered the declarations of Dr. Brian T. Forschler, a person of ordinary skill in the art, to explain why the term "no quick knockdown" is indefinite. (Cheminova's Opening *Markman* Brief, Exhibit 2; Declaration of Brian Forschler (Document No. 84 (1/12/2011)).

5

Makhteshim, in contrast, has reserved its rights to introduce evidence on this topic at a later time. (Makhteshim's Opening *Markman* Brief, p. 18).[6]

**II. ARGUMENT**

As an initial matter, consolidating the *Markman* hearing for the Application Patents makes good sense.[7] It certainly promotes judicial efficiency, since the Court need schedule only one hearing, rather than two.[8] *See Enhanced Security Research LLC v. Juniper Networks Inc.*, 2010 WL 5420147. *2 (D. Del. 2010) ("[p]ermitting Plaintiffs to pursue their claims against Juniper, while their essentially identical action against the ten other defendants in the related action is stayed, would undermine judicial economy. . . . [and] deprive the Court of the opportunity to consolidate the related actions for . . . Markman proceedings . . . ."). It also avoids the possibility of inconsistent rulings. *See Kohus v. Toys "R" Us, Inc.*, 2006 WL 1476209, *1 (S.D. Ohio 2006) ("consolidating the cases for discovery and a Markman hearing would prevent two trials from going forward on the basis of inconsistent adjudications of the meaning of the exact same claims."); *see*

---

[6] Plaintiffs assert that expert testimony is disfavored for claim construction. (Plaintiffs' Objection, p. 2, n. 2). That statement is generally inaccurate, but is particularly inaccurate with respect to the Application Patents, where the declarations are offered only on the subject of indefiniteness. *See, e.g., Spansion, Inc. v. International Trade Commission*, 629 F.3d 1331, 1344 (Fed. Cir. 2010) ("Indefiniteness requires a determination whether those skilled in the art would understand what is claimed."); *Serio-Us Industries, Inc. v. Plastic Recovery Technologies, Corp.*, 459 F.3d 1311, 1319 (Fed. Cir. 2006); *Phillips v. AWH Corp.*, 415 F. 3d 1303, 1318 (Fed. Cir. 2005); *Morton Int'l*, 5 F.3d at 1470; *Pfizer Inc. v. Synthon Holding, B.V.*, 2006 WL 6143064, *3 (M.D.N.C. March 7, 2006). For indefiniteness, the knowledge of one skilled in the art is highly relevant to the Court's analysis, which necessarily must be explained by extrinsic evidence. *See id.*

[7] Plaintiffs mistakenly believe that the consolidated hearing would address both the Application Patents and the Manufacturing Patents. (Plaintiffs' Objections, p. 4). However, the Court was clear during the April 6, 2011, telephone conference that it had no intention of addressing the claims of the Manufacturing Patents during the proposed consolidated *Markman* hearing. Moreover, Cheminova has not requested that the consolidated hearing address the Manufacturing Patents, nor does it intend to make such a request.

[8] One hearing also would be more efficient to Plaintiffs, which calls into question why Plaintiffs are working so hard to avoid a consolidated hearing.

6

*also Nycomed US Inc. v Perrigo Israel Pharmaceutical Ltd.*, 2010 WL 550318, *2 (E.D.N.Y. 2010) ("As both actions concern the same patent-in-suit, and the Markman hearings are likely to involve many of the same claim terms, the court that construes those claim terms ought to be presented with the parties' positions in this case while those issues are still fresh in the judicial mind."). Finally, as the Court graciously noted, it avoids a scenario where counsel would have to "un-ring the bell" of a claim construction made in Cheminova's absence. Indeed, under the present posture, the hearings are ideal for consolidation. *See Hill-Rom Services, Inc. v. Verses Technology, Inc.*, 2006 WL 1540851, *4 (M.D.N.C. 2006) (Consolidation of pre-trial proceedings proper when actions "contain common questions of law and fact."); s*ee also Enhanced Security Research*, 2010 WL 5420147 at *2; *9 Wright & Miller, Federal Practice and Procedure (3d ed.)*, § 2381 (The objective of consolidation is to provide that "the business of the court may be dispatched with expedition and economy.").

Further, as Plaintiffs would have learned had they conferred with Cheminova, their purported obstacles to consolidation are easily surmountable. Indeed, as to the main thrust of their objection -- that expert discovery and the supplementation of the record frustrate the potential of a consolidated *Markman* hearing -- Cheminova offers several solutions. First, for purposes of the anticipated consolidated hearing on the Application Patents, Cheminova will waive any further request for expert discovery or supplementing the record. Since Plaintiffs do not want any further supplementation (Plaintiff's Opposition to Defendant's Emergency Motion For Scheduling Conference, Document

No. 91 (2/28/2011)), p. 6), the Application Patents are immediately ready for a hearing, as already briefed.[9] Second, should Plaintiffs change their position and now want supplemental briefing, and the Court agreed, Cheminova would make its single expert as available as necessary,[10] as Plaintiffs certainly would as well. Working together, the parties would strive to complete any necessary deposition and briefing as expeditiously as practicable to leave the tentatively scheduled hearing date undisturbed. As a final option, the consolidated *Markman* hearing can address all claim terms in the Application Patents except the "no quick knockdown" term. Since no expert declaration or expert discovery is required as to those common terms, there would be no delay, as Plaintiffs contend. Rather, the parties can immediately proceed based upon the briefing and exhibits submitted to date (without expert declarations) with no risk of extending the *Markman* hearing beyond the currently scheduled date. Later, the Court can decide the term "no quick knockdown" in connection with Cheminova's motion for summary judgment.

Under any of these scenarios, consolidation is not only appropriate, but possible. Depending on the option, either no or very limited discovery is required, with no or only a slight delay in the hearing date, subject to the Court's determination. In so doing, the Court can proceed with its contemplated (and eminently appropriate) consolidated *Markman* hearing without prejudice to any party, while also promoting judicial economy

---

[9] Plaintiffs have taken the unusual position of claiming to need expert discovery, but do not want to supplement the record after that discovery. *Compare* Plaintiffs' Objection, p. 3 *with* Document No. 91, p. 6. Since neither party plans to call a live witness, without supplementation, that discovery would have no bearing on the *Markman* issues. Plaintiffs' rationale for its position has never been explained.

[10] Plaintiffs complain because Cheminova offered May 2 as a date for an expert deposition. Cheminova offered that date before the Court's hearing was tentatively scheduled, and of course is happy to work with Plaintiffs on a new date.

and the convenience of the parties, and while maintaining the July 5 trial date. Equally important, by consolidating the hearing, the Court can develop a more complete record from which to render its decision. *See Howes v. Med. Components, Inc.*, 814 F.2d 638, 646 (Fed. Cir. 1987) (incomplete record can preclude proper construction of patent claims); *Smithkline Beecham Corp. v. Excel Pharmaceuticals, Inc.*, 356 F.3d 1357, 1365 (Fed. Cir. 2004) (complete record required to discern if prior art made use of alternative compound foreseeable); *Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1375 (Fed. Cir. 2005) (claim construction for preliminary injunction must be reviewed and revisited later, because made on incomplete record).

## III. CONCLUSION

For all these reasons, the Court should consolidate the *Markman* hearing currently scheduled for May 2, 2011 to include Cheminova as to the Application Patents.

Respectfully submitted this 12th day of April, 2011.

Respectfully submitted,

By: /s/Alan M. Ruley_____
William K. Davis
Alan M. Ruley
BELL, DAVIS & PITT, P.A.
100 N. Cherry Street, Suite 600
Winston-Salem, NC 27101
wdavis@belldavispitt.com
aruley@belldavispitt.com
Phone No. (336) 722-3700
Fax No. (336) 722-8153

9

/s/ Joshua C. Krumholz_____

Christopher G. Kelly/Joshua C. Krumholz
Robert J. Burns/Steven L. D'Alessandro
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
joshua.krumkolz@hklaw.com
christopher.kelly@hklaw.com
steven.dalessandro@hklaw.com
robert.burns@hklaw.com
Phone No. (212) 513-3200
Fax No. (212) 385-9010

*Attorneys for Defendant and Counter-Plaintiff Cheminova, Inc.*

10

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| Catherine Nyarady | cnyarady@paulweiss.com |
| Craig Benson | cbenson@paulweiss.com |
| Jayson L. Cohen | jlcohen@paulweiss.com |
| John E. Nathan | jnathan@paulweiss.com |
| Kenneth A. Gallo | kgallo@paulweiss.com |
| Kent E. Kemeny | kkemeny@paulweiss.com |
| Kripa Raman | kraman@paulweiss.com |
| Pressly McCauley Millen | pmillen@wcsr.com |
| Robert J. Koch | rkoch@milbank.com |
| Jitendra Malik | jmalik@alstonbird.com |
| Frank G. Smith | Frank.smith@alston.com |
| Judy C. Jarecki-Black | judy.jarecki@merial.com |
| John Patrick Elsevier | jpelsevier@jonesday.com |
| Matthew W. Howell | Matthew.howell@alston.com |

/s/ Robert J. Burns_____