IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|   |   |   |
|---|---|---|
| BASF AGRO B.V., ARNHEM (NL), WADENSWIL BRANCH, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:10CV274 |
| CHEMINOVA, INC. | ) ) | |
| Defendant. | ) ) | |
| | | |
| BASF AGRO B.V., ARNHEM (NL), WADENSWIL BRANCH, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:10CV276 |
| MAKHTESHIM AGAN OF NORTH AMERICA, INC. (MANA), et al. | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Plaintiffs, BASF Agro B.V., Arnhem (NL), Wadenswil Branch ("BASF") and Bayer S.A.S. ("Bayer"), have filed separate complaints in two cases (Nos. 1:10CV274, 1:10CV276) alleging infringement of various patents by various defendants. In each of these two cases, Plaintiffs have alleged, <u>inter alia</u>, infringement of U.S. Patent Nos. 6,414,010 ("010 Patent") and 6,835,743 ("743 Patent"). A <u>Markman</u> hearing has been scheduled for May 2, 2011, in case number 1:10CV276. In case number

1:10CV274, the Markman issues have been briefed but no hearing has been scheduled.

On April 5, 2011, and April 6, 2011, this court held separate telephone conferences with the parties in each of these cases. During the course of those telephone conferences, this court advised the parties of its consideration of consolidating the Markman hearings with respect to the 010 Patent and 743 Patent during the presently scheduled May 2, 2011 Markman hearing in the 1:10CV276 case. Plaintiffs indicated their objection and subsequently filed a written objection to consolidation of the two hearings (Doc. 109, No. 1:10CV274). Defendant in 1:10CV274 filed a response (Doc. 112) to the written objection, suggesting various possibilities for consolidation.

Subsequently, Plaintiffs filed a reply (Doc. 113) agreeing to a limited consolidation of the two cases for purposes of the Markman hearing. On April 19, 2011, this court held a telephone conference with counsel in both of these cases. Upon review of the arguments, this court finds that the ends of justice and convenience to the court and the parties are best served by consolidating certain specific issues for Markman hearing purposes. After consultation with the parties on April 19, 2011, this court will order a partial consolidation of the Markman hearings in case numbers 1:10CV274 and 1:10CV276 on the following terms and conditions.

**IT IS THEREFORE ORDERED:**

1. All claim terms in dispute in case numbers 1:10CV274 and 1:10CV276 arising in the 010 Patent and 743 Patent are hereby consolidated for purposes of a Markman hearing to be held on May 2, 2011, commencing at 9:30 a.m. and continuing until completed.

2. No live evidence will be permitted at the hearing. At present, this court understands that the parties in 1:10CV274 dispute whether expert testimony is necessary to construe the term "no quick knockdown" or, alternatively, to determine whether that term is indefinite such that the 010 and 743 Patents are invalid. The issue of indefiniteness will not be addressed during the Markman hearing.

3. Plaintiffs and Defendants in both of these two cases are instructed to confer and prepare a single "Joint Pre-Hearing Statement," which shall address Markman issues in both cases as to the 010 Patent and the 743 Patent. The Joint Pre-Hearing Statement shall include the following information:

   a. A description, without argument, by Plaintiffs of the asserted claims as to the 010 Patent and 743 Patent. If Plaintiffs' asserted claims in 1:10CV274 are different from Plaintiffs' asserted claims in 1:10CV276, the descriptions of the asserted claims should be separated according to the relevant case number.

   b. A list, without argument, of the disputed claim terms requiring construction by the court as to the 010 Patent

and 743 Patent.

        c. Plaintiffs' proposed construction, without argument, as to each of the disputed claim terms.

        d. Defendants' proposed construction, without argument, as to each of the disputed claim terms.

        e. Identification by each party as to the claim terms that will be most significant to the resolution of the cases.

        f. Lists of which exhibits will be relied upon for each specific claim term during the <u>Markman</u> hearing. The parties shall present these lists separately as to Plaintiffs and Defendants within the single Joint Pre-Hearing Statement.

        g. A list of the terms, if any, for which either party contends live evidence is necessary for <u>Markman</u> claim construction purposes.

   If the parties are not able to agree as to the matters required for inclusion in the Joint Pre-Hearing Statement, then each side is to prepare its response to the issues which fall in a disputed category (3a-g above) and submit it with the Joint Pre-Hearing Statement.

   4. The Joint Pre-Hearing Statement is to be filed with the Clerk on or before Wednesday, April 27, 2011.

   5. In case numbers 1:10CV274 and 1:10CV276, this court retains jurisdiction of the <u>Markman</u> issues set forth herein. Furthermore, in 1:10CV276, this court retains jurisdiction of the pending motion for a preliminary injunction (<u>see</u> Docs. 8, 73, 89)

and sets that matter for hearing on May 4 and 5, 2011.

This the 19th day of April 2011.

                                          /s/ William L. Osteen, Jr.
                                          United States District Judge