# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BASF AGRO B.V., ARNHEM (NL), WÄDENSWIL BRANCH, BAYER S.A.S., and MERIAL LIMITED,<br><br>        Plaintiffs,<br><br>v.<br><br>CHEMINOVA, INC.,<br><br>        Defendant. | Civil Action No. 10-cv-274 |
| BASF AGRO B.V., ARNHEM (NL), WÄDENSWIL BRANCH, and BAYER S.A.S.,<br><br>        Plaintiffs,<br><br>v.<br><br>MAKHTESHIM AGAN OF NORTH AMERICA, INC., and CONTROL SOLUTIONS, INC.,<br><br>        Defendants. | Civil Action No. 10-cv-276 |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO STAY ALL PROCEEDINGS FOR 30 DAYS PENDING ISSUANCE OF *MARKMAN* ORDER ON KIMURA PATENTS AND RESOLUTION <u>OF PLAINTIFFS' MOTION FOR CLARIFICATION</u>**

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

STATEMENT OF THE FACTS ........................................................................................ 2

ARGUMENT ....................................................................................................................... 6

    A.    Question Presented ........................................................................................ 6

    B.    Governing Law ............................................................................................... 7

    C.    A Limited 30-Day Stay of All Proceedings is Appropriately Tailored to Allow the Court to Issue Its *Markman* Order and Evaluate Plaintiffs' Motion for Clarification ................................................. 8

    D.    The Balance of Hardships Favors Imposition of a 30-Day Stay and a Stay Will Promote Judicial Economy ..................................................... 8

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*CytoLogix Corp.* v. *Ventana Med. Sys., Inc.*,
 424 F.3d 1168 (Fed. Cir. 2005) ................................................................................. 1

*Hickey* v. *Baxter*,
 833 F.2d 1005 (4th Cir. 1987) ................................................................................... 7

*Int'l Nickel Co.* v. *Martin J. Barry, Inc.*,
 204 F.2d 583 (4th Cir. 1953) ..................................................................................... 7

*Landis* v. *N. Am. Co.*,
 299 U.S. 248 (1936) ................................................................................................... 7

*Markman* v. *Westview Instrs., Inc.*,
 517 U.S. 370 (1996) ................................................................................................... 1

*In re Mutual Funds Inv. Litig.*,
 MDL No. 1586, Nos. 04-md-15863, JFM-04-564,
 2011 WL 1540134 (D. Md. Apr. 20, 2011) ............................................................... 7

# INTRODUCTION

Plaintiffs are asking the Court to stay all proceedings for 30 days in both the Cheminova and MANA cases. The Court's May 27, 2011 Memorandum Opinion and Order that denied Plaintiffs' Motion for Preliminary Injunction construed the preambles of the Perimeter Use Patents in a way not previously proposed by any party and thus materially altered the status of these cases. The parties are bound by the law to follow the Court's construction in future proceedings, including expert discovery, summary judgment and trial. *See, e.g.*, *Markman* v. *Westview Instrs., Inc.*, 517 U.S. 370, 388 (1996) ("[I]n the actual interpretation of the patent the court proceeds upon its own responsibility, as an arbiter of the law, giving to the patent its true and final character and force."); *CytoLogix Corp.* v. *Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005) ("the district court's claim constructions control").

Because the parties' expert reports and Defendants' pending summary judgment motions are not based on this new construction, they are now out of date and must be revised if the cases are going to move forward to trial. The Court's construction of the preambles also is likely to ripple through the remaining claim constructions sought by the parties, possibly resulting in additional constructions that are different than those originally proposed by the parties. Respectfully, it would be wasteful to complete expert discovery and summary judgment briefing based on the parties' proposed claim constructions rather than the Court's actual constructions.

Plaintiffs also intend to file in the next week a motion for clarification of the Court's Order dated May 27. A 30-day stay of proceedings would permit Plaintiffs to

file that motion and permit the Court to consider that motion and to issue a complete *Markman* order. Once those claim construction orders are issued, these cases will be ready to move expeditiously toward an efficient resolution.

To be clear, the claim construction in the Court's preliminary injunction ruling is potentially case dispositive and, unless modified by the final *Markman* ruling, the denial of the preliminary injunction and the underlying *Markman* ruling are immediately appealable. It is in the interest of the parties to resolve *Markman* issues first, and then determine whether continued expert discovery, summary judgment and trial is appropriate and whether an immediate appeal of the preliminary injunction ruling will be taken.

## STATEMENT OF THE FACTS

In December 2010 and January 2011, the parties filed two rounds of claim-construction briefing with the Court, which proposed constructions for disputed terms in the Perimeter Use Patents.

In March 2011, it became apparent that the Defendants in the MANA case imminently intended to enter the market with their Taurus SC product, which Plaintiffs allege infringes the asserted claims of the Perimeter Use Patents. Plaintiffs subsequently moved for a preliminary injunction against the MANA Defendants. In support of their respective preliminary injunction papers, the parties submitted expert declarations by Professor Michael Potter (on behalf of Plaintiffs) and Dr. George Rotramel (on behalf of the MANA Defendants). Because claim construction issues had not yet been resolved by the Court, both Professor Potter and Dr. Rotramel addressed the parties' competing claim

constructions in their respective validity and infringement analysis of the Perimeter Use Patents.

In April 2011, the parties in both cases also exchanged two rounds of expert reports related to infringement and validity issues from Professor Potter (Plaintiffs' expert), Dr. Rotramel (MANA's expert), Professor Brian Forschler (Cheminova's expert), and Dr. C. Douglas Mampe (another Cheminova expert). The MANA and Cheminova case Defendants additionally submitted motions for summary judgment. [D.I. 100-108 (Cheminova case); D.I. 138-144 (MANA case)]. Again, because claim construction issues had not yet been resolved by the Court, all expert reports, as well as Defendants' motions for summary judgment, addressed claim constructions proposed by the parties when evaluating validity and infringement of the Perimeter Use Patents.

On May 2, 2011, with the consent of all parties, the Court held a consolidated *Markman* hearing with the parties in both the MANA and Cheminova cases. The Court also held a preliminary injunction hearing in the MANA case on May 4-5, 2011. After the preliminary injunction hearing, the parties submitted additional briefing, again addressing the parties' competing claim constructions. [D.I. 154, 156, 159, 161 (MANA case)].

On May 27, 2011, the Court issued a Memorandum Opinion and Order [D.I. 173 (MANA case)] denying Plaintiffs' Motion for a Preliminary Injunction. Recognizing that claim constructions could potentially be case dispositive in this litigation, the Court addressed the preambles of the asserted claims of the Perimeter Use Patents: "[p]rocess for the protection of a [future] building against damage caused by insects . . . ." Upon

consideration of the parties' proposed constructions, the Court declined to adopt either party's construction of the preambles, and instead set forth its own construction of the preambles. A chart comparing the parties' proposed constructions and the construction adopted by the Court is below:

| Party/Court | Construction of "Process for the Protection of a [Future] Building Against Damage Caused by Insects" |
|---|---|
| Plaintiffs' Proposed Construction | "A treatment process for the protection of a [future] building against damage to the building caused by insects, wherein the treatment does not block substantially all routes of potential termite entry"<br><br>(Joint Pre-Hearing Statement [D.I. 115 (Cheminova case); D.I. 133 (MANA case)] at 3). |
| Cheminova's Proposed Construction | "Protection of the entire [future] building, not a portion thereof"<br><br>(Joint Pre-Hearing Statement [D.I. 115 (Cheminova case); D.I. 133 (MANA case)] at 3). |
| MANA's Proposed Construction | "Protection of the entire [future] building, not a portion thereof, against damage caused by insects"<br><br>(Joint Pre-Hearing Statement [D.I. 115 (Cheminova case); D.I. 133 (MANA case)] at 3). |
| Court's Construction | "[P]rocess for the protection of a [future] building against damage caused by insects that (a) teaches the deliberate creation of untreated locations (i.e., loopholes) through which the crawling insect can reach the building without being exposed to the insecticide and (b) teaches away from applying insecticide without loopholes around a [future] building, under a [future] building, and both around a [future] building and under a [future] building."<br><br>(Mem. Op. & Order [D.I. 173 (MANA case)] at 13). |

The Court's construction imparts additional limitations beyond those proposed by the parties' respective constructions. Respectfully, certain portions of the Court's new construction are unclear to Plaintiffs, and Plaintiffs intend to file a motion for clarification of the Court's May 27 Order within the next week. Importantly, because this construction was not previously advocated by any party, all of the parties' respective expert reports and the Defendants' summary judgment motions, as they relate to the Perimeter Use Patents, are now out of date. These papers will need to be modified and supplemented to take into account, and conform to, the Court's May 27 constructions, as written or subsequently clarified.

The Court's May 27 Order does not construe any limitations beyond the preambles of the asserted claims of the Perimeter Use Patents, but notes that a complete *Markman* opinion will be issued "in the near future." (Mem. Op. & Order [D.I. 173 (MANA case)] at 6 n.4). It seems likely that the Court's construction of the remaining claim terms in dispute will be driven by the Court's construction of the preambles of the asserted claims. The upcoming constructions may also differ in material respects from those originally proposed by the parties.

Notwithstanding the Court's May 27 Order, expert discovery and summary judgment briefing is scheduled to continue. Again, this discovery and briefing is premised on stale constructions proposed by each party. It will need to be revised to address the Court's construction of the preambles, as well as any new constructions set forth in the Court's forthcoming *Markman* order.

5

# ARGUMENT

Proceedings in these cases should be stayed for thirty days to promote judicial economy and efficiency. Such a stay would permit the Court to consider Plaintiffs' upcoming motion for clarification of the May 27 Order and to issue its complete *Markman* ruling. Upon issuance of that order and, if necessary, clarification of its May 27 Order, the parties will be positioned to evaluate the best course for this litigation, which may include a direct appeal to the Federal Circuit or completion of expert discovery, summary judgment briefing and trial. Should completion of expert discovery, summary judgment briefing and trial prove to be an appropriate course of action, the parties will be able to modify or supplement their expert reports and summary judgment motions to conform to the Court's claim construction rulings. In that event, a 30-day stay should not impact the proposed September/October 2011 trial dates agreed to by the parties and tentatively contemplated by the Court.

### A. Question Presented

Whether a 30-day stay of all proceedings in this litigation is appropriate in light of the Court's forthcoming *Markman* Order, and the Court's May 27, 2010 Opinion and Order denying Plaintiffs' Motion for Preliminary Injunction, which sets forth a claim construction not proposed by any party, and of which Plaintiffs intend to seek clarification within the next week.

## B. Governing Law

"It is well established that a district court has broad discretion to control the disposition of cases on its docket." *Hickey* v. *Baxter*, 833 F.2d 1005, 1005 (4th Cir. 1987). As stated by the Supreme Court,

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis* v. *N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Int'l Nickel Co.* v. *Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir. 1953); *Hickey*, 833 F.2d at 1005; *In re Mutual Funds Inv. Litig.*, MDL No. 1586, Nos. 04-md-15863, JFM-04-564, 2011 WL 1540134, at *1 (D. Md. Apr. 20, 2011). "In striking this balance, courts look to factors such as the length of the requested stay, the hardship that . . . the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation." *In re Mutual Funds Inv. Litig.*, 2011 WL 1540134, at *1 (citations omitted) (granting stay "[i]n light of the relatively short duration of the proposed stay, the clear benefit of promoting judicial economy, and the minimal burden imposed on Defendants").

Here, all factors weigh heavily in favor of granting Plaintiffs' Motion for a 30-day stay of all proceedings in both cases.

### C. A Limited 30-Day Stay of All Proceedings is Appropriately Tailored to Allow the Court to Issue Its *Markman* Order and Evaluate Plaintiffs' Motion for Clarification

A 30-day stay for all proceedings in the MANA and Cheminova cases would allow the Court to issue its complete *Markman* order, and consider Plaintiffs' motion for clarification of the May 27 Opinion and Order. This limited stay would also allow the parties to evaluate their current validity and infringement positions, determine what supplementation will be necessary, and determine whether an immediate appeal or trial in this case is the appropriate course of action.

The parties have agreed to a trial date on the September/October 2011 trial calendar. Should this case proceed at the district court level, a limited stay of 30 days will likely not impact that date. Even following a 30-day stay, there will be at least two months to complete any necessary expert discovery and summary judgment briefing.

Accordingly, a limited 30-day stay for all proceedings is appropriately tailored to allow the Court to issue its *Markman* order and evaluate Plaintiffs' motion for clarification, while also allowing the parties appropriate time to evaluate the proper course of the proceedings.

### D. The Balance of Hardships Favors Imposition of a 30-Day Stay and a Stay Will Promote Judicial Economy

Declining a 30-day stay would impose hardships on Plaintiffs, Defendants, and the Court. Without a stay, the parties will continue expert discovery and summary judgment briefing premised upon out-of-date claim constructions. In fact, Defendants' summary judgment briefs, as drafted, are based on the parties' proposed constructions of

the preambles, not the Court's construction. Hence, Plaintiffs cannot meaningfully respond to these Motions and, respectfully, it does not make sense to litigate validity and infringement issues at summary judgment based on the parties' proposed claim constructions that clearly are not going to control the litigation.

Given the Court's claim construction of the preambles, it is likely that the remaining disputed claim terms will be construed in accordance with the preambles, thereby resulting in additional limitations with constructions not proposed by either party. It is therefore illogical to proceed without the Court's complete *Markman* order, particularly where the final order is expected in the next two or three weeks.

By contrast, upon issuance of the Court's *Markman* order and any additional clarification of its May 27 Opinion and Order, the parties will be positioned to proceed efficiently. The alternative is to forge ahead based on Plaintiffs' and Defendants' proposed constructions, which have already been rejected in part by the Court.

The potential harm to Defendants in staying the case for 30 days is *de minimis*. The September/October 2011 trial date will not be impacted by such a stay, and Defendants too will benefit from proceeding efficiently, rather than spending time and money arguing positions that have not been adopted by the Court.

Accordingly, there is a mutual benefit to the parties and the Court to stay both litigations for 30 days pending resolution of the outstanding claim construction issues. Judicial economy will therefore be promoted by a short stay of proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to stay all proceedings in these litigations for 30 days.

          Respectfully submitted:

**WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**

DATED: June 1, 2011

/s/ Robert T. Numbers, II
Pressly M. Millen (NCSB No. 16178)
Robert T. Numbers II (NCSB No. 34134)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
pmillen@wcsr.com
rnumbers@wcsr.com
phone: (919) 755-2100
fax: (919) 755-2150

*Attorneys for Plaintiffs
BASF Agro B.V., Arnhem (NL), Wädenswil Branch
and Bayer S.A.S.*

Of Counsel:

Kenneth A. Gallo
Craig Benson
Kent Kemeny
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON, LLP
2001 K Street NW
Washington, DC 20006-1047
kgallo@paulweiss.com
cbenson@paulweiss.com
kkemeny@paulweiss.com
phone: (202) 223-7300
fax: (202) 223-7420

John E. Nathan
Catherine Nyarady
Kripa Raman
Brian P. Egan

PAUL, WEISS, RIFKIND, WHARTON
  &amp; GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
jnathan@paulweiss.com
cnyarady@paulweiss.com
kraman@paulweiss.com
began@paulweiss.com
phone: (212) 373-3000
fax: (212) 757-3990

*Attorneys for Plaintiff*
*BASF Agro B.V., Arnhem (NL), Wadenswil Branch*


Robert J. Koch
MILBANK, TWEED, HADLEY & MCCLOY LLP
1850 K Street, N.W., Suite 1100
Washington, DC 20006
rkoch@milbank.com
phone: (202) 835-7500
fax: (202) 835-7586

*Attorney for Plaintiff Bayer S.A.S.*

                                     **ALSTON & BIRD, LLP**

                                     /s/ Jitendra Malik, Ph.D.
                                     Jitendra Malik, Ph.D. (NCSB No. 32809)
                                     ALSTON & BIRD, LLP
                                     Suite 4000
                                     101 South Tryon Street
                                     Charlotte, NC 28280-4000
                                     Tel.: (704) 444-1115
                                     Fax.: (704) 444-1695
                                     jitty.malik@alston.com
                                     *Attorney for Plaintiff*
                                     *Merial Limited*

Of Counsel:

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

11

judy.jarecki@merial.com

Frank G. Smith, III
John W. Cox, Ph.D.
Matthew W. Howell
ALSTON & BIRD, LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777
frank.smith@alston.com
john.cox@alston.com
matthew.howell@alston.com

Deepro R. Mukerjee
ALSTON & BIRD, LLP
90 Park Avenue
New York, NY 10016-1387
Tel.: (212) 210-9501
Fax: (212) 922-3881
deepro.mukerjee@alston.com

J. Patrick Elsevier, Ph.D.
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Tel.: (858) 314-1200
Fax: (858) 314-1150
jpelsevier@jonesday.com

*Counsel for Merial Limited*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO STAY ALL PROCEEDINGS FOR 30 DAYS PENING ISSUANCE OF *MARKMAN* ORDER ON KIMURA PATENTS AND RESOLUTION OF PLAINTIFFS' MOTION FOR CLARIFICATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: Greg Holland, greg.holland@smithmoorelaw.com, Marta E. Gross, mgross@goodwinprocter.com, Joseph B. Crystal, jcrystal@goodwinprocter.com, Michael Beck, mbeck@goodwinprocter.com, April E. Abele, aabele@goodwinprocter.com, Andy H. Chan, achan@goodwinprocter.com, and Thadeus Matthew Creech, matt.creech@smithmoorelaw.com.

This the 1st day of June, 2011.

                                                  /s/ Robert T. Numbers, II
Pressly M. Millen (NCSB No. 16178)
Robert T. Numbers, II (NCSB No. 34134)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150
Email: pmillen@wcsr.com
Email: rnumbers@wcsr.com

*Attorneys for Plaintiffs
BASF Agro B.V., Arnhem (NL), Wädenswil Branch
and Bayer S.A.S.*

Of Counsel:

Kenneth A. Gallo
Craig Benson
Kent Kemeny
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON, LLP
2001 K Street NW
Washington, DC 20006-1047
phone: (202) 223-7300
fax: (202) 223-7420
kgallo@paulweiss.com
cbenson@paulweiss.com
kkemeny@paulweiss.com

John Nathan
Catherine Nyarady
Kripa Raman
Brian P. Egan
Jayson L. Cohen
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
phone: (212) 373-3000
fax: (212) 757-3990
jnathan@paulweiss.com
cnyarady@paulweiss.com
kraman@paulweiss.com
began@paulweiss.com
jlcohen@paulweiss.com

*Attorneys for Plaintiff*
*BASF Agro B.V., Arnhem (NL), Wadenswil Branch*


Robert J. Koch
MILBANK, TWEED, HADLEY & MCCLOY LLP
1850 K Street, N.W., Suite 1100
Washington, DC 20006
phone: (202) 835-7500
fax: (202) 835-7586

rkoch@milbank.com

*Attorney for Plaintiff Bayer S.A.S.*